**Joyce CZAPLA, Respondent,**

v.

**Richard L. CZAPLA, Appellant.**

**No. 37697.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

June 8, 1975.

John J. Stewart, Clayton, for appellant.

Robert Ahrens, St. Louis, for respondent.

CLEMENS, Presiding Judge.

Plaintiff-respondent was granted a divorce on June 14, 1966. The court gave her custody of their children and child support of $15 per week per child. On May 13, 1974 plaintiff filed a motion to modify the original divorce decree to increase the amount of child support.

The sheriff of St. Louis County served defendant with a copy of the motion to modify. No summons was attached to the motion and the sheriff made his return on the reverse side of a copy of the motion, stating defendant had been served with the motion on May 22, 1974.

On November 22, 1974 a memorandum was filed in the trial court setting the matter for hearing January 8, 1975. A copy of the memorandum was mailed to defendant at No. 6 Bridgeview Court, *Imperial*, Missouri. Defendant did not appear at the hearing and the trial court granted plaintiff the requested increase in support payments, an attorney's fee and assessed court costs against defendant.

Defendant moved to vacate the modification order on the ground he had received no notice of the hearing of said motion. He testified his correct address (where he had lived for a number of years) was No. 6 Bridgeview Court, *Arnold*, Missouri, not Imperial, Missouri. The court denied defendant's motion to vacate.

On appeal defendant contends the trial court erred in denying his motion to vacate because he was neither summoned to appear in court on respondent's motion to modify nor given notice of the hearing date of the motion to modify. We agree and reverse.

■ Rule 44.01(d), VAMR, is dispositive of this case. A motion to modify a divorce decree "is treated as a petition in an original action." *Hayes v. Hayes*, 363 Mo. 583, 252 S.W.2d 323(8) (1952). Reasonable notice must be given to litigants. This notice may be achieved by service of summons. There are alternative methods of giving notice, and plaintiff's memorandum would have sufficed had it been sent to the correct address. It was plaintiff's oversight which prevented defendant from being notified of the impending hearing on her motion.

■ Defendant received only half of the requirements of Rule 44.01—a copy of the written motion. Without notice that he must appear at a certain time, his failure to appear at the hearing could not be considered a default.

The judgment granting modification is reversed.

DOWD and STEWART, JJ., concur.