**John M. DONNELLY, Respondent,**

v.

**Georgia C. DONNELLY, Appellant.**

No. 45878.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 15, 1983.

Joan M. Burger, St. Louis, for appellant.

John D. French, St. Ann, for respondent.

REINHARD, Judge.

Mother appeals from the trial court's order denying her motion to modify the child support provisions of a 1974 dissolution decree. In the initial decree, mother was awarded custody of the parties' two minor children, a boy, age 8 and a girl, age 6. Father was ordered to pay $125.00 per month, per child, in child support. In addition, the decree made provision for payment of medical expenses for the children. On October 11, 1974, the decree was modified as to medical expenses.

In August, 1981, mother filed a motion to modify alleging "there has been a substantial change in circumstances both in the needs of the said minor children and the ability of Petitioner [father] to pay for the support and maintenance of said children ...." After a hearing, the court denied her motion to modify and motion for attorney's fees. We reverse in part and affirm in part.

In 1974, according to mother's income and expense statement, the children had expenses of $265.00 per month. At the time of the hearing in 1982, the children were ages 16 and 13. Mother produced evidence that the children's expenses had increased substantially since 1974. Expenses for food, clothing, medical care, laundry, school, and books stated on her income and expense statement were $380.00. In addition, she testified the children needed $20.00 per month for school lunches, increasing the total to $400.00 per month. This total neither included any amount for recreation for the children, nor did it include any allocation to the children of the household expenses which had increased by over $100.00

a month since 1974. Mother presented evidence that the 13 year old girl required treatment for Turner's syndrome. Mother is an EEG technician and as of July, 1981, her salary had increased to approximately $14,000.00 per year from approximately $8,000.00 per year in 1974.

Father has remarried. He is a territorial manager for Johnson Wax Company with the Industrial Maintenance Division. His income had increased from $16,560.00 in 1974 to $29,680.00 in 1980. In January, 1981, he received a $1,000.00 raise and an additional $720.00 raise in November, 1981. He had income of approximately $4,000.00 a year from bonuses and supplemental income, though, this amount was not guaranteed. In addition, he received the use of a company automobile for which gasoline and maintenance were provided. He was charged $25.00 per month for the personal use of the car and was restricted as to where it could be driven. Father allocated nearly $600.00 a month to the support of his wife's 24 year old daughter and her 3 year old granddaughter. His second wife earned over $8,400.00 a year. According to father's income and expense statement, his expenses exceeded his income by several hundred dollars a month.

On appeal, mother claims the trial court erred in denying her motion to modify and her request for attorney's fees. The judgment of the trial court must be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. An appellate court may only set aside a decree or judgment on the ground that it is against the weight of the evidence with caution and with a firm belief that the decree or judgment is wrong. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

It is axiomatic that the provisions regarding child support may be modified only upon a showing of changed circumstances so substantial and continuing as to

make the terms of the original decree unreasonable. § 452.370, RSMo.1978. The burden is upon the party seeking modification to establish the changed circumstances. *Seelig v. Seelig,* 540 S.W.2d 142, 145 (Mo. App.1976). We are also mindful that the real parties in interest are the children and it is their well being which is the focus of concern. *Meyer v. Meyer,* 493 S.W.2d 42, 47 (Mo.App.1973); *Bloss v. Cuddihee,* 628 S.W.2d 676, 677 (Mo.App.1981).

■ An increase in the costs of the children's expenses, an increase in their age and an increase in father's earnings do constitute changed circumstances necessitating an increase in child support. *Flynn v. Flynn,* 604 S.W.2d 785, 786 (Mo.App.1980); *Vinson v. Vinson,* 628 S.W.2d 376, 377–78 (Mo.App.1982). *See Eastes v. Eastes,* 590 S.W.2d 405, 409 (Mo.App.1979).

It is evident that mother carried her burden of proof establishing that all of these factors were present here. The needs of the children had substantially increased from $265.00 to over $400.00 a month in 1982. The expenses for the children were modest and neither included any amount for recreation nor for their proportionate share of the household expenses. Father does not dispute that his earnings substantially increased in the eight years since the original decree. Father asserts, though, that the trial court was correct in denying an increase in support because mother's salary had increased and because of his inability to "pay additional child support."

However, a casual examination of husband's testimony and income and expense statement reveals that his claim of inability to pay additional support is wholly without merit. First, he has not included in his monthly income, an amount representing his bonus or supplemental income. Second, among the items of monthly expense he listed were $356.00 for the support of his stepgrandchild, and $151.66 a month for

child care. In addition, he testified that of his $320.00 food expense, $80.00 was for his 24 year old stepdaughter.[1] These expenses total nearly $600.00 per month, nearly $200.00 a month more than that required to support his own children. This $600.00 does not take into account any part of the $370.48 in monthly household expenses spent on either the stepdaughter or her child. Further, we note that even though father is provided a company car (including maintenance, insurance and gasoline) he listed $146.98 for automobile expenses. He also listed a total of $415.00 a month in installment payments, but only listed $271.45 a month in specific loans.

■ We know of no theory of law or appellate court decision which allows a father's support of his second wife's emancipated 24 year old daughter and her child to be considered in determining the amount of support he should be required to be given his own children. Here, father voluntarily elected to support wife's daughter and her child. By doing so, his own children's right to support from their father cannot be limited or destroyed. *See Hargus v. Hargus,* 222 S.W.2d 964 (Mo.App.1949). See also *Farnsworth v. Farnsworth,* 553 S.W.2d 485, 486 (Mo.App.1977); *Markham v. Markham,* 506 S.W.2d 84, 86 (Mo.App.1974); *Geil v. Geil,* 647 S.W.2d 161 (Mo.App.E.D.1983).

Our examination of the record establishes father's expenses do not deprive him of the ability to pay increased child support. Even though mother's income has increased, in light of the increased age and needs of the children and the substantial increase in father's income, the trial court erred in denying her motion to modify. We are directed by Rule 84.14 to finally dispose of a case unless justice otherwise requires, and give such judgment as the trial court ought to give. To that end, the trial court's order is reversed and monthly child support is ordered increased $50.00 per month, per

---

1. We do not know what percentage of the remaining $489.00 for clothing, medical care, recreation, laundry and cleaning was for support of the stepdaughter.

child. This does not relieve wife of sharing in the increase in support required for the children. This modification does not affect orders for medical expenses previously entered.

In wife's second point, she asserts that the trial court abused its discretion in refusing to award her attorney's fees. We find no abuse of discretion.

Affirmed in part; reversed in part.

CRANDALL, P.J., and CRIST, J., concur.