**In re the Marriage of Terry Eugene RYTERSKI and Martha Jean Ryterski.**

**Martha Jean RYTERSKI, Respondent-Appellant,**

v.

**Terry Eugene RYTERSKI, Petitioner-Respondent.**

**No. WD 33962.**

Missouri Court of Appeals, Western District.

July 12, 1983.

Lori J. Levine, Jefferson City, Janice P. Noland, Camdenton, for respondent-appellant.

C. Clifford Schwartz, Clayton, for petitioner-respondent.

Before LOWENSTEIN, P.J., and WASSERSTROM and MANFORD, JJ.

LOWENSTEIN, Presiding Judge.

In this case of dissolution of marriage, this is an appeal by Martha Ryterski (wife) from the division of marital property and the award of custody of the minor child to Terry Ryterski (husband), as entered by the trial court. The wife does not appeal the court's finding that the marriage was irretrievably broken and could not be preserved and agrees to the dissolution of the marriage.

After both sides obtained a change of judge, trial was held and the court awarded the house and the bulk of the marital assets and all the debts to the husband. Custody of the couple's four year old boy was to the husband.

Within her brief the wife argues the court's determination and award of marital assets as being improper and unequal in favor of the husband and that she should have been awarded custody, however, in her actual points on appeal she contends that the trial court erred in sustaining many of respondent's objections throughout the trial having the effect of excluding appellant's evidence. In her first point she contends that objections made by the respondent were not "specific" and did not contain proper grounds for exclusion; the court had no basis upon which to exclude appellant's evidence; the court's exclusion of evidence prevented it from having adequate information on which to base its decision; and the court precluded her from presenting certain evidence regarding a finding of nonmarital property preventing her from meeting her burden of proof. The wife's second point contends that the trial court in sustaining respondent's general objections without stating the reasons therefor, deprived the appellant of her right to put on her evidence, denied her a fair and impartial right to be heard, and demonstrated bias and prejudice on the part of the trial court. In essence she claims improper rulings on admission of testimony and an abiding prejudice of the court caused the decree to be adverse to her interests.

All of the wife's points are without merit and are ruled against her.

The law in Missouri is clear that a party should not be entitled on appeal to claim error on the part of the trial court when the party did not call attention to the error at trial and did not give the court the opportunity to rule on the question. *Niederkorn v. Niederkorn,* 616 S.W.2d 529 (Mo. App.1981). The wife made no record of her various "complaints" about trial court rulings for the purpose of appeal. She made no offers of proof and no objections to the trial courts sustaining of respondent's objections. The wife simply has not preserved these claims of error. Her factual claims are not supported by the record and

do not even come close to the level of proof needed to overturn the trial court's discretion as set forth in the standard in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). She was in fact allowed to present all evidence pertinent to the case and the only evidence excluded were references by her of her father being in a nursing home; this was properly deemed immaterial and irrelevant.

The trial judge bent over backwards to be fair to the wife and allowed her to testify as to the source of cash in bank accounts held by the couple. She was permitted to testify that certain funds were given to her by her mother; were put into her and her husband's name; that they were not a gift to her; and that it was her understanding that she would take care of the funds in case something happened to her mother. She then went on to testify that she was to use the money for her father and that it was her mother's life savings. It was the last portion of this testimony that was objected to and ordered stricken. She made no objection to the court's ruling, to call the court's attention to what she now alleges to be error, nor did she make an "offer of proof". The Supreme Court of Missouri has held that where a defendant makes no offer of proof after a plaintiff's party's objection to certain testimony has been sustained, there is nothing before the court to rule upon with respect to the contention of error in sustaining the objection. *Elliott v. Richter*, 496 S.W.2d 860 (Mo.1973).

 The wife's other claims of trial court misconduct such as the sustaining of the husband's objections, are without merit as shown by the record. There has been absolutely no showing of the improper or prejudicial exclusion of her evidence by the courts sustaining of the husband's objections. At one time or another, the trial court allowed in virtually all of the evidence the wife claims was excluded. That the court was more than fair in the trying of this case is shown by allowing the wife's mother to testify and present evidence, as to certain assets, as a third party petitioner, after permitting her to file her third party petition on the day of trial. The record clearly shows that the court in many instances volunteered explanations to the wife as to its reasons for ruling as it did. In a court tried case the same strictness as to admission of evidence is not applied as is to jury cases. *State v. Roper*, 591 S.W.2d 58, 62 (Mo.App.1979). The trial court thus did not improperly restrict the evidence and its judgment must be sustained.

 The wife's claim of prejudice on the part of the trial judge is totally without merit. In order to support this charge she must show positively and clearly the basis of her claim. The appellant here contends that the court's unequal division of the marital property and its awarding custody of the child to the father constitutes prejudice on the part of the trial judge. There is no evidence on the record to show that the court pre-decided the matter or made any type of predetermination to dispose of the matter in a certain fashion. The mere fact that the rulings are against a party, per se, do not show bias or prejudice on the part of the trial court. *State v. Tyler*, 622 S.W.2d 379 (Mo.App.1981). The fact that the husband received a larger portion of the marital assets is also an inadequate basis upon which to show prejudice. In a factually similar case *Nilges v. Nilges*, 610 S.W.2d 58, 60 (Mo.App.1980) the court held:

> "It is clear that the *division of marital property must be just but need not be equal.* Neither will an appellate court second guess the trial court's balance of the equities. The trial court is vested with considerable discretion in dividing the marital property." (Emphasis added, citations omitted.)

The burden of demonstrating error and abuse of discretion of the trial court in the division of marital property in a dissolution proceeding is upon the party making that allegation. The wife has failed to meet that burden. *Hilger v. Hilger*, 570 S.W.2d 736, 739 (Mo.App.1978).

 As to the matter of child custody, there was uncontradicted evidence in the record of the usage of marijuana and amphetamines by the wife. She admitted to

the use of marijuana on numerous occasions. There was also testimony as to the wife's abuse of marijuana and amphetamines on a regular basis and while caring for the child here involved and her children of a previous marriage. The evidence before the court showed that custody with the father would be in the best interest of the child.

There was substantial evidence to support the judgment; the judgment was not against the weight of the evidence; there were no erroneous declarations or applications of law; and there was no showing of prejudice on the part of the trial court, *Murphy v. Carron, supra.*

The judgment of the trial court is affirmed.