**Richard L. BUTLER, Appellant,**

v.

**Mary Kay BUTLER, Respondent.**

**No. 48514.**

Missouri Court of Appeals,
Eastern District,
Division Two.

July 30, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 16, 1985.

See also Mo.App., 698 S.W.2d 550.

Stan J. Goodkin, Thomas J. DeGroot, Popkin, Stern, Heifetz, Lurie, Sheehan, Reby and Chervitz, Clayton, for appellant.

Charles M.M. Shepherd, Shepherd & Weenick, Clayton, for respondent.

SIMON, Presiding Judge.

Husband appeals from an order modifying a dissolution decree. We affirm in part and reverse and remand in part.

In June 1976, the parties' marriage was dissolved. In this decree, husband was ordered to pay maintenance and child support for the three children of the marriage. Wife filed a motion to modify in November 1978 which was granted, pursuant to a settlement in 1981, increasing monthly maintenance for wife from $250.00 to $350.00 and monthly child support from $150.00 to $300.00 each for two of the children and from $225.00 to $450.00 for the third child. In November 1982, wife filed a second motion to modify the child support and maintenance provisions which was later amended. The changed circumstances alleged included the increased expenses for one of the children who was born with severe birth defects, increased expenses from wife's own poor health, increased expenses in all household expenses due to inflation, additional medical expenses for the parties' daughter, increased home maintenance expenses, and husband's fraudulent failure to disclose assets in reaching the first modification agreement ordered in 1981.

Hearings were begun on this motion in May 1983 and were continued to July 26, 1983. During the May 1983 hearings, the bulk of the evidence presented concerned the circumstances of the wife and the children, wife's motion for attorney's fees for her initial counsel, and husband's financial status. Wife changed counsel between the May and scheduled July 26 hearing, with her new attorney entering his appearance on July 26, 1983. On that day, husband's counsel went to the courthouse expecting to negotiate with wife's new attorney rather than to begin a trial. When wife arrived at the courthouse, she informed her attor-

ney that she was entering the hospital that afternoon for surgery the next day to remove a cancerous breast. Wife's counsel immediately prepared an application for "temporary order of modification" increasing the amount for support and maintenance to cover additional child care expenses and anticipated medical expenses arising from the operation.

The court sustained wife's motion for an immediate hearing on the temporary modification over strenuous objections from husband's attorney that he had received no notice of the hearing on the temporary modification and had no time to prepare. Wife testified that she had only become aware of the necessity of surgery the day before. She had made arrangements with a family friend to care for her children during her hospitalization and recovery period for a fee of $3.00 an hour. She further testified that she was going to incur medical expenses beyond her insurance coverage and she lacked the necessary funds to cover the expenses. After hearing the wife's testimony, the court ordered husband to pay "an additional $504.00 per week for child care and custodial expense pending her surgical treatment on her breast and recovery therefrom." The temporary order was to continue pending further order of the court.

Husband appealed from this temporary order of modification contending, *inter alia*, that he had not been given timely notice of the hearing and the court lacked jurisdiction to enter the order. In response to husband's appeal, wife filed a motion to dismiss on the ground that this order was not appealable. We agreed and dismissed his appeal finding the order non-appealable in *Butler v. Butler*, 672 S.W.2d 742, 743 (Mo.App.1984), from which we have borrowed freely our preceding recitation of facts.

During the pendency of husband's appeal of the temporary support order, evidentiary hearings on the main modification motion continued on September 23, 1983, and October 4, 1983. On October 11, 1983, wife filed a contempt motion against husband for his failure to make payments under the temporary order of July 26, 1983. Although husband ignored the July 1983 order, he continued to meet the support payments ordered in the first modification in 1981. The trial court continued wife's contempt motion and ordered husband post a $13,000.00 supersedeas bond for his appeal. Further evidentiary hearings on the motion to modify were held in the fall of 1983, as well as a hearing for attorney's fees on February 1, 1984. On February 21, 1984, the trial court terminated its temporary order of July 26, 1983, which had remained in effect up to this time, and entered its final order on the motion to modify as well as its entry of a bond order.

In its final order on February 21, 1984, the trial court issued its Findings of Fact, Conclusions of Law, and Order Judgment, and required the following of husband: pay wife $550.00 per month for maintenance (an increase of $200.00), and $550.00 per month for each of the three children, totaling $1,650.00 for child support (an increase of $600.00); pay $7,682.00 for attorney's fees and costs charged by wife's former counsel; pay $3,340.00 for attorney's fees charged by wife's new attorney; pay all medical insurance premiums and medical bills incurred by the parties' children; and post a $50,000.00 bond to secure payment of husband's future support and maintenance obligations. Furthermore, the trial court continued to hold a special warranty deed husband had posted for the $13,000.00 supersedeas bond in connection with his appeal of the temporary order of modification.

Husband raises numerous points on appeal. In attacking the judgment of February 21, 1984, he claims the trial court erred by (1) ordering the husband to pay additional child support and maintenance to wife because (a) wife's pleadings for modification failed to allege the essential element of a substantial and continuing change of circumstances and (b) wife put on no evidence of her financial circumstances at the first modification in 1981, so her evidence at the hearing on her second motion to modify

failed to show a substantial and continuing change of circumstances; and (2) requiring the husband to post a $50,000.00 bond to guarantee his payment of future maintenance and child support because the trial court lacked statutory authority to enter such an order. Husband further states the entry of the orders to post bond and to pay wife these large amounts of money reflects the trial court's bias and prejudice against him.

Husband also attacks the trial court's entry of the order of July 26, 1983, temporarily modifying child support and maintenance because (1) the trial court, absent statutory authority, lacked jurisdiction to enter the order; (2) the wife failed to allege a change of circumstances so substantial to make the pre-existing modification order of 1981 unreasonable; (3) the evidence at the hearing on wife's application for the temporary order of modification failed to show a substantial and continuing change in circumstances; (4) the order was indefinite and incapable of enforcement; (5) the hearing on the wife's motion for temporary order was held without husband receiving adequate notice of the hearing; and (6) the requirement that husband post a $13,000.00 supersedeas bond in connection with his appeal of the temporary order violated § 512.080 RSMo Cum.Supp.1984 which makes the filing of such a bond optional at the choice of the husband.

Husband first attacks the validity of the final judgment of February 21, 1984, ordering increased child support and maintenance. Husband argues neither the pleadings nor the evidence reflects a substantial and continuing change of circumstances from the time the original modification was ordered in 1981. The pleadings, taken in their entirety, as previously discussed, clearly allege substantial changes in circumstances since the first modification order if one considers nothing more than the allegations concerning wife's deteriorating health with its attendant expenses and costs.

■ The sufficiency of the evidence supporting a substantial change in circumstances presents a different question. An appellate court may only set aside a decree or judgment on the ground that it is against the weight of the evidence with caution and with a firm belief that the decree or judgment is clearly wrong. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). It is axiomatic that the provisions regarding child support and maintenance may be modified only upon a showing of a change of circumstances so substantial and continuing as to make the terms of the original decree or subsequent order unreasonable. *Donnelly v. Donnelly*, 648 S.W.2d 898, 900[1] (Mo.App.1983). The burden is upon the party seeking modification to establish the changed circumstances. *Id.* [2]. We are also mindful that in support actions, the real parties in interest are the children and it is their well-being which is the focus of concern. *Id.* [3]. An increase in the cost of the children's expenses, an increase in their age and an increase in father's earnings constitute changed circumstances necessitating an increase in child support. *Id.* [4].

■ There is no doubt that wife's evidence is fragmentary and to some extent unsatisfactory in showing the change in the expenses of wife from the time of the first modification order to the present. The record contains no indication that exhibits of wife's income and expense statements either at the time of the first motion to modify or at the hearing on this second motion to modify were admitted as evidence. The legal file does not contain wife's original 1978 motion to modify or the 1981 judgment ordering an increase in wife and child support. While counsel should be most attentive to proving up with particularity the element of a substantial change in the circumstances with evidence of wife's expenses, it is evident from the record, despite its shortcomings and omissions, that all the factors considered decisive expenses in *Donnelly* reflecting substantially changed circumstances were likewise present here.

In 1982, the care of the child with severe birth defects required wife's full time at-

tention in the home, precluding her working outside of the home. Since the first modification, wife has contracted cancer, necessitating a mastectomy, and requiring her continued absence from the home and a period of recuperation. Because wife's own health has deteriorated, she is unable to work or to care in full for the children as she did single-handedly at the time of the original modification. Wife testified she also had new expenses for cabs, buses, increased food and clothing costs because the children were growing, and increased school activity expenses for more field trips, allowances and bicycles, all of which reflect expenses they did not have in 1981.

Since the first modification, a substantially changed circumstance has occurred because the parties' daughter required psychiatric assistance and therapy for emotional problems in 1982. One of the boys was diagnosed as suffering from allergies and asthma in June 1982. His twin brother, born July 11, 1974, with severe birth defects, had kidney failure and hypertension problems in June 1981 with a consequent loss of the majority of his kidney function resulting in more frequent symptoms of headaches, kidney failure, vomiting and seizures. Two of the children also require educational tutors for remedial work. In addition, the home required substantial repair because an interior expansion into the attic was improperly done. The home is encumbered by two mortgages; the second mortgage is in favor of wife's mother for monies advanced to wife to assist in wife's support of herself and children.

On the other hand, husband is a practicing doctor of medicine with a lucrative income with offices in Illinois where he now resides. He has remarried but currently has no children from that marriage. With a gross income in 1982 of $135,200.00, husband is well able to make an additional contribution to the support of wife and to the support of his minor children. We rule against husband on his contentions that wife's petition and evidence do not reflect a substantial change of circumstances to support the trial court's final order of modification.

■ Husband also challenges the trial court's order, absent express statutory authority, requiring him to post a $50,000.00 bond to guarantee his payment of future maintenance and child support. We have held that no general equitable authority to order a bond to secure child support payments exists outside of the statutes covering dissolution law and procedure. *Brooks v. Kunz,* 597 S.W.2d 183, 188[9] (Mo.App. 1980). Accordingly, the trial court had no authority to order the bond.

■ Wife observes that, subsequent to the trial court's ordering the bond on February 21, 1984, without statutory authority to do so, the Missouri legislature enacted § 452.344 RSMo Cum.Supp.1984 specifically providing that the court on its own motion may require that an obligor, under an order for support, provide sufficient bond or other guarantee to secure a support payment obligation. However, the statutory change is of no assistance to wife. As a general rule, statutes operate prospectively only, unless the legislative intent that they be given retroactive application clearly appears from the express language of the act or by necessary or unavoidable implication. *Lincoln Credit Co. v. Peach,* 636 S.W.2d 31, 34[3] (Mo. banc 1982). The effective date of § 452.344 was September 18, 1984, and nothing in its text indicates the legislature intended it be given retroactive effect. Therefore, we reverse that portion of the judgment ordering husband to post a $50,000.00 bond.

Husband levels four attacks against the entry by the trial court of its temporary order of modification on July 26, 1983, pending the final resolution of wife's motion to modify. We agree with husband that he received inadequate notice of the hearing for the temporary order of modification on July 26, 1983. Our decision in favor of the husband on the issue of notice renders it unnecessary for us to address husband's additional complaints with the temporary order.

■ It is well settled that a motion to modify a divorce decree is in the nature of

an independent proceeding. *Pikey v. Pikey*, 605 S.W.2d 215, 216[1] (Mo.App.1980). One of the essential prerequisites to the modification of a dissolution decree is notice to the party adversely affected; a modification without notice is of course a violation of due process. Reasonable notice sufficient to meet the requirement of due process must be served on the other party or his attorney. Mo. Const. Art. I, § 10; *Pikey*, 605 S.W.2d at 216. In either case, Rule 44.01(d) requires that a copy of the motion and notice of the hearing be served not later than five days before the time specified for the hearing, unless otherwise ordered by the Court. In any event, reasonable notice must be given. 605 S.W.2d at 216; *Czapla v. Czapla*, 538 S.W.2d 53, 54 (Mo.App.1975).

■ Here the facts disclose that wife had changed attorneys between an earlier May hearing and the scheduled July 26 hearing, with her new attorney not having entered his appearance until the July setting. On that day, husband's counsel went to the courthouse expecting negotiations with wife's new attorney rather than a trial. When wife arrived at the courthouse and informed her attorney she was entering the hospital that afternoon for surgery the next day to remove a cancerous breast, wife's counsel immediately prepared an application for "temporary order of modification" increasing the amount for support and maintenance to cover additional child care expenses and anticipated medical expenses arising from the operation. Husband's attorney strenuously objected to an immediate hearing stating he had received no notice of any hearing for a temporary modification and had no time to prepare. Notwithstanding the husband's objection, the trial court granted wife's motion to shorten time and conducted a hearing on wife's application for temporary order of modification which was granted. While husband had an opportunity to cross-examine wife, he could not verify her illness with her doctor and had no opportunity to make any other investigation.

The lack of time between the notice and the hearing is an irregularity for which the order of July 26, 1983, must be vacated. Rule 44.01(d). The cause is remanded to the trial court with instructions that the order of July 26, 1983, be vacated and the $13,000.00 special warranty deed held by the court as collateral for the bond posted in conjunction with its temporary support order of July 26, 1983, be released.

■ We find no merit to husband's final argument that the trial court rulings in ordering the husband post bonds and pay monies to wife reflect bias and prejudice by the trial court. The mere fact that rulings are against a party, per se, does not show bias or prejudice on the part of the trial court. *In re Marriage of Ryterski*, 655 S.W.2d 102, 104[8] (Mo.App.1983). While husband may be dismayed by the trial court's orders against him, he has failed to carry his burden to establish bias on the part of the trial court. *Id.*

Judgment of the trial court is affirmed in part, reversed and remanded in part with directions for further proceedings not inconsistent with this opinion.

STEPHAN, J., and GENE HAMILTON, Special Judge, concur.