**In re the Marriage of Daniel Lee BUCKMAN, Appellant,**

v.

**Mary Alyce BUCKMAN, n/k/a Mary Alyce Guth, Respondent.**

No. 61568.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 4, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 10, 1993.

Application to Transfer Denied
Aug. 17, 1993.

314

Theodore S. Schechter, Michael L. Schechter, Clayton, for appellant.

Kenneth S. Lay, Clayton, for respondent.

STEPHAN, Judge.

Daniel Lee Buckman ("Father") appeals from a trial court order: (1) sustaining Mary Alyce Buckman's, now known as Mary Alyce Guth's ("Mother"), motion to modify the parties' dissolution decree; and (2) denying his motion to modify said decree. Specifically, Father appeals from portions of the judgment: (1) increasing the amount he has to pay for child support; (2) ordering him to pay college expenses for Patricia Anne Buckman; (3) ordering him to pay a portion of Mother's attorney's fees; and (4) ordering him to pay a portion of the guardian ad litem's fee. Father also contends that the trial court failed to make certain requested findings of fact. We affirm.

On June 7, 1982, a trial court dissolved Father's and Mother's marriage. Pursuant to their dissolution decree, the trial court awarded Mother the care, custody and control of the parties' three minor children: Patricia Anne Buckman ("Tricia"), born September 17, 1973; Jennifer Lee Buckman ("Jennifer"), born October 18, 1975; and Kelly Lynn Buckman ("Kelly"), born June 5, 1979. The decree specified that Father pay Mother $250.00 per month per child as and for child support; for a total child support obligation of $750.00 per month.

On January 31, 1990, Mother filed a motion to modify the parties' dissolution decree. Specifically, Mother requested that the trial court order Father to pay: (1) an increased amount as and for child support; (2) Mother's attorney's fees; and (3) litigation expenses.

On June 25, 1990, Father also filed a motion to modify the parties' dissolution decree. Specifically, Father requested: (1)

a change in custody of the minor children from Mother to joint physical and legal custody; and (2) an elimination of the child support award.

The trial court held hearings on these matters on September 10, 1991 and November 15, 1991. It issued its opinion, order and judgment on January 22, 1992, sustaining Mother's motion to modify the parties' dissolution decree and denying Father's motion to modify said decree. Specifically, the trial court ordered Father to pay Mother $472.00 per month per child as and for child support, for a total child support obligation of $1,416.00 per month, retroactive to September 1, 1991. The trial court further ordered Father to pay to Mother one-half of the cost each year for Tricia to attend a post-secondary college, university, or vocational/technical school, state or private, subject to various limitations. Additionally, the trial court ordered Father to pay one-half of the costs of tuition, fees, books and dormitory costs for room and board for Tricia for the first semester of the 1991–1992 school year. Finally, the trial court ordered Father to pay: (1) Mother's attorney, $3,300.00, as and for a portion of Mother's attorney's fees; (2) the guardian ad litem, $2,400.00, as and for a portion of the guardian ad litem's fees; and (3) all court costs.

On or about January 19, 1992, Father filed a motion for a new trial or to amend opinion, order and judgment by overruling Mother's motion to modify. The trial court sustained two aspects of Father's motion. First, the trial court ordered that the first word of paragraph 48 of its opinion, order and judgment be changed from "Respondent" to "Petitioner". Second, the trial court sustained Father's motion by deleting paragraph 60, thereby negating Father's responsibility to pay one-half of the cost of tuition, fees, books and dormitory costs for room and board for Tricia for the first semester of the 1991–1992 school year. The trial court overruled Father's motion in all other respects.

On February 21, 1992, Father filed his notice of appeal. We will recite additional facts, as necessary, throughout the remainder of this opinion.

Father's first point is that the trial court erred in sustaining Mother's motion to modify their dissolution decree by increasing the amount of Father's child support obligation. Specifically, Father contends that Mother failed to show a change in circumstances so substantial and continuing as to make the terms of the dissolution decree unreasonable with regard to the amount of child support. Father argues that any increase in the amount of the childrens' expenses was more than offset by: (1) Mother's increased income; (2) Mother's current husband's contribution to the minor childrens' expenses; (3) the minor childrens' employment; (4) Mother's substantial savings since the time of the dissolution of marriage; and (5) the minor childrens' savings.

■ At the outset, we note that our review of a trial court's adjudication of a motion to modify a dissolution decree regarding child support is limited to determining whether the judgment is supported by substantial evidence, whether it is against the weight of the evidence, whether it erroneously declares the law or whether it erroneously applies the law. *In re Marriage of Deane*, 798 S.W.2d 732, 736 (Mo.App.1990). We may only set aside a decree or judgment on the ground that it is against the weight of the evidence with caution and with a firm belief that the decree or judgment is wrong. *Butler v. Butler*, 698 S.W.2d 545, 548 (Mo.App.1985). The real parties in interest are the children. *Donnelly v. Donnelly*, 648 S.W.2d 898, 900 (Mo.App.1983). It is their well being which is our primary concern. *Id.*

■ It is axiomatic that the provisions regarding child support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms of the original decree unreasonable. Section 452.370.1, RSMo.Cum. Supp.1990; *Beeler v. Beeler*, 820 S.W.2d 657, 662 (Mo.App.1991). In determining what constitutes substantial and continuing change of circumstances, the court is to consider all financial resources of both par-

ties, including the extent to which their expenses should be shared by a present spouse. Section 452.370.1, RSMo.Cum. Supp.1990; *Beeler v. Beeler*, 820 S.W.2d at 662. The burden is upon the party seeking modification to establish the changed circumstances. *Donnelly v. Donnelly*, 648 S.W.2d 898, 900 (Mo.App.1983). However, if the current support deviates from the support prescribed by the guidelines and the criteria set forth in Rule 88.01 by twenty percent or more, a prima facie case of a substantial and continuing change in circumstances so substantial and continuing as to make the present terms unreasonable has been established. Section 452.370.1, RSMo.Cum.Supp.1990; *Beeler v. Beeler*, 820 S.W.2d at 662. Once this is established, the trial court must determine a new child support obligation in conformity with Rule 88.01.

Rule 88.01 directs the trial court to consider all relevant factors, including the following criteria: (1) the financial resources and needs of the child; (2) the financial needs and resources of the parents; (3) the standard of living the child would have enjoyed had the marriage survived; (4) the physical and emotional condition of the child; and (5) the educational needs of the child. Rule 88.01 specifies that there is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the amount of child support to be awarded. The Rule further specifies that this presumption is rebutted if the trial court enters a written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate.

Thus, the effect of § 452.370.2, RSMo.Cum.Supp.1990, read in conjunction with Rule 88.01, is that a party who has proven changed circumstances, is entitled to a new award of child support calculated according to the criteria of Rule 88.01 and Form 14, unless the court determines by the substantive factors that govern such adjudications that the amount calculated is unjust or inappropriate. Section 452.370.2, RSMo.Cum.Supp.1990; *Campbell v. Camp-*

*bell,* 811 S.W.2d 504, 506 (Mo.App.1991). An adjudication of a child support award, whether by the calculus of Form 14 or by the adjudication of a lesser amount, is a substantive matter. *Campbell v. Campbell,* 811 S.W.2d at 506. An adjudication of an amount other than as calculated under Rule 88.01 is ineffective without "a written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate." *Id.* That proviso is also mandatory. *Id.*

Rule 88.01, requires both parties to complete Form 14, which is a worksheet for calculating the "presumed child support amount." The completed forms are to be made part of the record. Here, no form or forms were included in the legal file. An appellant seeking relief from a child support award without including these completed forms is doing so at his or her peril. *See Behnke v. Behnke,* 829 S.W.2d 45, 46 (Mo.App.1992). We have gratuitously completed Form 14 using the following information.

Mother's monthly gross income is $1,942.00. Father's monthly gross income is $7,600. Father, however, is paying $278.00 per month child support for another child who is not a subject of the case at bar. Therefore, Father's adjusted monthly gross income is $7,322. These incomes reveal that the parties have a combined monthly gross income of $9,264.00, seventy-nine percent of which is attributable to Father. Application of the guidelines to the parties' combined monthly adjusted gross income for three children reflects a child support obligation of $1,794.00. Since Father's proportionate share of the parties' combined income is seventy-nine percent, Father's presumed child support is approximately $1,416.00 per month.

The $750.00 Father is currently paying deviates from the guideline amount by more than twenty percent. Mother, therefore, has made out a prima facie case of change of circumstances so substantial and continuing as to make the present award unreasonable. Thus, there is a rebuttable presumption that Mother is entitled to child

**318**

support payments, on behalf of the parties' three minor children, in the amount of $1,416.00. Rule 88.01(e).

A thorough review of the record indicates that the trial court neither entered a written finding or a specific finding on the record that this amount, after consideration of all relevant factors, is unjust or inappropriate. Quite simply, Father failed to demonstrate that this is the case. Since the parties' dissolution, the children have grown. Kelly has begun school. Jennifer now attends high school. Tricia now attends college. As the children have grown, their activities have increased. Moreover, their expenses have increased. The cost of clothing has increased since the children now wear larger sizes. The cost of food, as well as other daily living expenses, have increased. Tricia has expenses while attending college that are not covered under the categories of tuition, fees, books and dormitory costs for room and board. Furthermore, over the years, Father's income has increased substantially in comparison to Mother's income.

■■■ Increases in the cost of living, which occur with the growth and maturing of children, have been held to constitute substantial and continuing change allowing for modification in child support. *Beeler v. Beeler*, 820 S.W.2d 657, 662 (Mo.App.1991). Moreover, college expenses are properly considered as bearing upon the amount of child support. *Weber v. Weber*, 804 S.W.2d 756, 758 (Mo.App.1990). Finally, an increase in Father's earnings constitutes a change in circumstances necessitating an increase in child support. *Donnelly v. Donnelly*, 648 S.W.2d 898, 900 (Mo.App. 1983).

We are mindful that Father argued that Mother failed to show that his present child support obligation is unreasonable because any increase in the amount of the childrens' expenses was more than offset by Mother's increased income. In *In re Marriage of Deane*, 798 S.W.2d 732, 735 (Mo. App.1990), our brethren in the Southern District stated: "To hold that a parent paying child support is entitled to a reduction if the parent receiving it obtains a higher paying job could stifle the latter's incentive to seek more remunerative employment. We decline to adopt such a rule." We, similarly, decline to adopt such a rule.

Moreover, we are also mindful that Father argued that Mother failed to show that his present child support obligation is unreasonable because any increase in the childrens' expenses was more than offset by Mother's second husband's contribution to the expenses of the children, the childrens' employment, Mother's savings since the time of the dissolution and the childrens' savings. While Rule 88.01 dictates that the trial court should consider all relevant factors, there is no indication that the trial court did not do so. Father simply fails to view the parties' situation objectively. He, too, has remarried and his present wife has a substantial income. His separate property, plus one half of the Father's and his new wife's jointly owned property, minus his indebtedness, reveals that Father has a net worth of $82,824.00. Mother, on the other hand, has a net worth of only $34,401.00. Thus, seventy-one percent of the parties' combined net worth is attributable to Father. Having thoroughly reviewed the record it is clear that the trial court's judgment is supported by substantial evidence, is not against the weight of the evidence, and neither erroneously declares nor applies the law. Father's first point is, therefore, denied.

Before addressing Father's second point, we note that Father argues that his total average monthly expenses were greater than his total average net monthly income, excluding child support obligations. He also argues that he has little money in the bank and that he and his present wife expend his total income each month. It was not the trial court's business, and it is not ours, to show Father how his income can be made to cover his expenses. It will be Father's place to adjust his income or obligations, or both, in such a way as to provide the payment of the child support he is ordered to pay. *Cash v. Cash*, 812 S.W.2d 265, 267 (Mo.App.1991).

■■■ Father's second point is that the trial court erred in permitting Mother to

put on evidence of Tricia's college expenses and ordering him to pay Mother one-half of the costs each year for Tricia to attend college. Specifically, Father argues that Mother, in her motion to modify their dissolution decree, failed to allege that Tricia's college expenses were a change in circumstances so substantial and continuing as to make the terms of the decree of dissolution unreasonable with regard to the amount of child support. Father further contends that by so doing, Mother failed to give the trial court jurisdiction to act pursuant to § 452.370.1, RSMo.Cum.Supp.1990.

In Mother's motion to modify the parties' dissolution decree, Mother states:

2. That since said dissolution decree was entered and the order of child support made, the circumstances of the parties and of the children of the parties have changed so substantially and continually as to make said amount of child support for [Tricia], Jennifer and Kelly unreasonable and inadequate in the following respects:

a. The financial needs of said minor children have increased by reason of said children being older with different and increased activities....

At the September 10, 1991 hearing on the parties' motions to modify, Father's attorney objected to Mother's testimony concerning Tricia's college expenses. In response, the court stated: "I'm looking at the motion to modify as it was filed on January 31 and is rather broadly stated indicating an increase by reason of having different and [sic] activities, and in view of that, I am going to overrule the objection."

■ While we recognize that a party's proof must conform to his pleadings, technical rules as to pleadings should not prevent a decision on the merits where the welfare of minor children is at stake. *In re Marriage of Cook*, 532 S.W.2d 833, 836 (Mo.App.1976). In order to obtain a modification of child support under § 452.370, RSMo.Cum.Supp.1990, the movant must show a change of circumstances so substantial and continuing as to make the terms of the original child support decree unreasonable. In her petition, Mother al-

leged such a change by asserting that the children had increased expenses due to different and increased activities. The childrens' different and increased activities are not ultimate facts, but constitute merely evidence to aid the court in fixing the amount reasonably necessary for the childrens' support. For that reason, Mother's allegation in her pleadings was broad enough to allow proof of Tricia's college expenses.

■ If Father desired more specificity concerning the increased expenses of his children, Rule 55.27(d) affords him a remedy. *In Interest of L.J.M.S.*, 844 S.W.2d 86, 92 (Mo.App.1992). Under that Rule, Father could have moved for a more definite statement of any matter contained in the pleading which is not averred with sufficient definiteness or particularity to enable him to prepare for his trial. *Id.* Father's failure to move for a more definite statement results in a waiver of any complaint regarding lack of specificity in the petition. *Smith v. Smith*, 751 S.W.2d 125, 127 (Mo. App.1988). Father's second point is, therefore, denied.

Father's third point is that the trial court erred in ordering him to pay $3,300.00 as and for Mother's attorney's fees and ordering him to pay $2,400.00 as and for services rendered by the guardian ad litem. Father contends that such orders were an abuse of discretion, were not supported by substantial evidence, were against the weight of the evidence and erroneously declared and applied the law because: (1) Mother's attorney only testified as to $1,444.00 in attorney's fees incurred up until the last day of trial; (2) Mother requested the appointment of a guardian ad litem against Father's wishes and without an allegation of child abuse or neglect; and (3) Mother had saved a substantial amount of money since the dissolution of marriage. We will address Father's arguments regarding the trial court's order for him to pay Mother's attorney's fees and the guardian litem's fees separately.

Father argues that Mother's attorney testified that, up until the second day of trial, he had spent 4.8 hours on this case, at

a rate of $125.00 per hour. Father further argues that Mother's attorney testified that his legal assistant spent 21.1 hours on this case, at a rate of $40.00 per hour. Father contends that this testimony reveals that Mother's attorney had incurred $600.00 in time and his legal assistant had incurred $844.00 in time, for a total bill of $1,440.00. Father, therefore, asserts that the trial court's order for him to pay Mother's attorney $3,300.00 is not supported by competent and substantial evidence.

Initially, we note that the setting of attorney's fees should not be reversed, unless the amount awarded is arbitrarily arrived at or so unreasonable as to indicate indifference and lack of proper judicial consideration. *Burden v. Burden*, 811 S.W.2d 818, 822 (Mo.App.1991). As such, a ruling is discretionary; it is presumed to be correct and the burden rests on the complaining party to prove otherwise. *Id.*

Here, review of the transcript indicates that there is some confusion as to what Mother's attorney testified to with regard to the number of hours he had devoted to this case. On page 4 of the transcript, it appears that Mother's attorney may have testified that he spent 4.1 hours on the case. This may also be a transcriptional error. This is apparent when viewing Mother's attorney's testimony in its entirety. Mother's attorney testified that he: (1) wrote a letter to Father notifying Father that he had been employed by Mother to obtain an increase in Father's child support obligation; (2) sent interrogatories (although the record does not indicate to whom they were sent); (3) attended two or three pre-trial conferences with Judge Nolan before Judge Nolan transferred the case to Judge Edwards; (4) attended one conference with Judge Edwards before Judge Edwards removed himself from the case; (5) sought appointment of a guardian ad litem; (6) conducted discovery; and (7) prepared for trial. The court, thereafter, asked: "[a]nd may I ask, can you briefly summarize the—you mentioned 40 hours or 21.1 hours of work by a legal assistant. Can you summarize the work done by the legal associate?" We surmise that, when viewed in context, Mother's attorney testified that he had spent 40 hours on this case, hence the two figures the trial court stated in this question. Moreover, even if the trial court had no evidence of the number of hours Mother's attorney spent on this case, the trial court, is an expert on the costs of attorney's fees and has wide latitude in determining them. *Margolin v. Margolin*, 796 S.W.2d 38, 46 (Mo.App.1990). As an expert, the court that tries a case may fix attorney's fees without the aid of evidence. We hold that the amount of attorney's fees in this case was neither arbitrarily arrived at nor so unreasonable as to indicate indifference and lack of proper judicial consideration. Father's point is, therefore, without merit.

Father further contends that the trial court erred in ordering him to pay the guardian ad litem $2,400.00. Specifically, Father contends that this was an abuse of discretion, unfair and unjust because: (1) Mother, against his wishes, was the one who requested the appointment of a guardian ad litem; and (2) the appointment of the guardian ad litem was unnecessary since there was no allegation of child abuse or neglect necessitating such appointment pursuant to § 452.423.1, RSMo.Cum.Supp. 1990.

In all proceedings for child custody where custody, visitation or support of a child is a contested issue, the court may appoint a guardian ad litem. § 452.423.1, RSMo.Cum.Supp.1990. Section 452.423.4, RSMo.1986, specifies that "[t]he guardian ad litem shall be awarded a reasonable fee for such services to be set by the court." This statute continues as follows:

The court, in its discretion, may award such fees as a judgment to be paid by any party to the proceedings, or may tax such fees as costs to be paid by the party against whom costs are taxed, or from public funds. Such an award of guardian fees shall constitute a final judgment in favor of the guardian ad litem. Such final judgment shall be enforceable

against the parties in accordance with chapter 513, RSMo.

Here, Father's motion to modify the dissolution decree sought a change in custody of the minor children from Mother to joint physical and legal custody. Since § 452.423.1, RSMo.Cum.Supp.1990, authorizes the trial court to appoint a guardian ad litem in all proceedings for child custody, the trial court did not err in appointing a guardian ad litem. Moreover, pursuant to Section 452.423.4, RSMo.Cum.Supp.1990, the court must allow the guardian ad litem a reasonable fee. Here, the guardian ad litem submitted an affidavit. In it, she stipulated that she expended 27.1 hours on the childrens' behalf. She also stipulated that a paralegal expended .2 of an hour on the childrens' behalf. The trial court determined that such expenditures were reasonable. It, thereafter, awarded the following compensation: (1) $125.00 per hour for the guardian ad litem; and (2) $60.00 per hour for the paralegal, for a total of $3,400.00. The court ordered Father to pay the guardian ad litem $2,400.00, while it ordered Mother to pay the guardian ad litem $1,000.00.

Our review of the record indicates that both the guardian ad litem's and the paralegal's: (1) time expenditures; and (2) compensation for the expenditures for this time are reasonable. Moreover, the allocation of costs between the parties is fair. Such allocation reflects that the trial court considered the parties' financial resources. It, then, ordered Father to pay approximately the same percentage, albeit somewhat less, of the guardian ad litem's fees as his percentage of the combined incomes of the parties.

We note that Father claims that the trial court's order that he pay a portion of the guardian's fees was unjust because Mother requested the appointment of the guardian. As we previously stated, once Father sought custody of the children, § 452.423.4, RSMo.Cum.Supp.1990, authorizes the trial court to appoint a guardian ad litem. Moreover, Father neither cites, nor could we find, any authority for the proposition that the party who requests the

appointment of a guardian ad litem should pay the resulting fees. We decline to so hold. Thus, since the trial court's judgment is supported by substantial evidence, is not against the weight of the evidence, and neither erroneously declares or applies the law, Father's contention is without merit.

Before turning to Father's fourth point, we note that § 452.355, RSMo.Cum.Supp.1990, provides in part:

The court from time to time after considering all relevant factors including the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceedings under section 452.300 to 452.415 and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment.

Father argues that when considering the financial resources of the parties, Mother is the one who has the ability to save money. We disagree. Both parties have the ability to save money. As we indicated earlier, however, we are not in the business of demonstrating to parties how to adjust their incomes or obligations, or both. Moreover, an award under § 452.355, RSMo.Cum.Supp.1990, rests on the trial court's consideration "of all relevant factors", the financial resources of the parties is just one of them. *Margolin v. Margolin*, 796 S.W.2d 38, 46 (Mo.App.1990). There is no requirement for the party to prove an inability to pay the cost of litigation in order to have an award of fees. *See Margolin v. Margolin*, 796 S.W.2d at 46. Father's entire third point is, therefore, denied.

Father's fourth point is that the trial court erred in failing to make certain requested findings of fact. Father contends that the trial court failed to make findings of fact on the following issues: (1) whether Mother's increase in income was sufficient to cover the children's increases in expenses since the date of the dissolution; (2) whether Mother's contributions from a third party were sufficient to cover

the children's increases in expenses since the date of the dissolution; (3) whether Mother had fully supported the children on her present child support and had saved money since the date of the dissolution; and (4) whether Mother had sufficient funds to pay her own attorney's and guardian ad litem's fees. Father argues that these requested findings of fact bore upon the issue of whether Mother made a proper showing of changed circumstances so substantial and continuing as to make the terms of the original decree unreasonable under § 452.370, RSMo.Cum.Supp.1990.

Rule 73.01(a)(2) provides in pertinent part:

> ... If any party so requests before final submission of the case, *the court* shall dictate to the court reporter, or prepare and file, a brief opinion containing a statement of the grounds for its decision and the method of determining any damages award; and *may, or if requested by counsel, shall, include in its findings on such controverted fact issues as have been specified by counsel.* All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached. (Emphasis ours.)

Thus, the trial court, at the request of counsel, only needs to issue findings on *controverted* fact issues as have been specified by counsel. As we explained in point one, if the current child support deviates from the support prescribed by the guidelines and the criteria set forth in Rule 88.01 by twenty percent or more, a prima facie case of a substantial and continuing change in circumstances so substantial and continuing as to make the present terms unreasonable has been established. Here, the $750.00 Father is currently paying deviates from the guideline amount, $1,416.00, by more than twenty percent. Mother, therefore, made out a prima facie case of change of circumstances so substantial and continuing as to make the present award unreasonable. Once Mother met her burden of proof, the issues, of which Father contends the trial court should have issued findings of fact with regard to, became non-controversial. Rather, they were

merely arguments Father's counsel could assert, however successfully, as to why the guideline child support amount was unfair or unjust. Thus, since the issues upon which the trial court failed to issue findings of fact were not controverted issues, the trial court did not violate Rule 73.01(a)(2). Father's fourth point is, therefore, denied.

The judgment is affirmed.

GARY M. GAERTNER, P.J., and SMITH, J., concur.