**Marsha K. JURGENS,
Petitioner-Respondent,**

v.

**Michael J. JURGENS,
Respondent-Appellant.**

**No. WD 31628.**

Missouri Court of Appeals,
Western District.

May 4, 1981.

Wilson & Longan, S. W. Longan, III, Kansas City, for respondent-appellant.

James B. Lowe, Jeffrey S. Henry, Kuraner, Schwegler, Lowe & Fishman, Kansas City, for petitioner-respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

DIXON, Judge.

The husband appeals from a modification order increasing child support for two children from $200 per month per child to $350 per month per child.

The sole issue is the sufficiency of the evidence to support the judgment, with that review governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976).

The record on appeal is extremely skimpy, consisting of some very short testimony and a few exhibits. A major portion of the transcript is devoted to a colloquy between counsel for the husband and the court concerning a request for a continuance. The husband is now a nonresident of Missouri and was not present at the hearing. The court denied the continuance, and no question is raised on this appeal concerning the propriety of that action.

A decree of dissolution was entered in June of 1978. The modification hearing occurred in January of 1980, some nineteen months after the dissolution. Prior to the dissolution, there was a property settlement agreement. Under that agreement, the child support in the amount of $200 per month per child was agreed upon. The husband also agreed to pay $5,000 maintenance in gross at the rate of $200 per month, to assume marital debts in the amount of almost $8,000, and to pay a note on a motor vehicle set off to the wife in the amount of approximately $3,000.

The wife's testimony at the modification hearing was to the effect that she had gotten into financial difficulties in September of 1979 and was $3,000 in debt at the time of the hearing.

There was a good deal of confusion concerning the relative earnings of the parties based upon the documentary evidence. The exhibits and testimony show the wife's gross income including child support and alimony for 1979 was $21,573. The husband's gross income for 1979 was $32,583 and for 1978 was $31,939. Aside from the explication of the current financial difficulties by way of an increase in her debt, the wife gave no testimony concerning her monthly expenses, nor any increase in such monthly expenses. She had purchased a new motor vehicle and the other debts were to department stores and charge accounts. The nature of the purchases occasioning this debt is not shown in the evidence.

In response to a leading question from the court, the wife asserted that the increase of $150 per month was necessary in order to take care of the children properly. There is absolutely nothing in the testimony concerning any increase in expenses to justify that conclusion.

The wife, at the time of the modification hearing, filed a questionnaire which was marked by the husband as an exhibit, but which was never introduced in evidence by the wife. That questionnaire includes a statement of monthly expenses which, if it were considered, would indicate an increase in monthly expenses by the wife. The increase in monthly expenses is due almost entirely to monthly payments of over $1,000, ostensibly for the new motor vehicle and charge accounts. As earlier indicated, there is no showing that any of this debt was essential to the support and care of the children of the marriage. The evidence does reflect an increase in gross income of the husband, but it likewise reflects a proportionate increase in the income of the wife.

■ To justify and support a modification of a support order, there must be evidence of a substantial and continuing change of circumstances. § 452.370 RSMo 1978. To support a modification of support upon the basis of such a change in circumstances, there must be detailed evidence supporting the change in circumstances. *See Harrison v. Harrison*, 606 S.W.2d 234 (Mo.App.1980); *Kieffer v. Kieffer*, 590 S.W.2d 915 (Mo.banc 1979); *Blair v. Blair*, 571 S.W.2d 480 (Mo.App.1978).

Even when there is a substantial and continuing change of circumstances, modification requires that the proof of change of circumstances demonstrate that the prior support order is unreasonable. *Eastes v. Eastes*, 590 S.W.2d 405 (Mo.App. 1979). The burden of such proof is upon the moving party—in this case, the wife. *Kieffer v. Kieffer, supra.* The evidence in this case, viewed in the light of *Murphy v. Carron, supra*, is not substantial and does not support the judgment of the trial court. The judgment of the trial court is reversed.

All concur.