**Catherine Margaret BLOSS, Appellant,**

v.

**William Clifford CUDDIHEE,
Respondent.**

**No. 43523.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 29, 1981.

Andrew S. Meyer, St. Louis, for appellant.

James M. Martin, St. Louis, for respondent.

CRIST, Judge.

Mother appeals from order denying her motion to modify a divorce decree. We reverse and remand.

Mother sought to have child support payments increased and also asked for attorney fees. Our examination of the record leads

inescapably to the conclusion that the trial court's order denying mother an increase in child support payments was erroneous.

Mother and father were divorced on January 9, 1973. They had one daughter, seven years of age at the time, whose custody was placed with the mother. Father was ordered to pay child support of $60 per week.

Six months after the divorce, mother moved to modify pursuant to a modification stipulation and agreement signed by her and father. This agreement gave mother permission to remove the child from the state and reduced father's child support obligation from $60 to $30 per week. Mother's motion to modify was granted on June 20, 1973. The motion to modify in the case at bar was filed on April 9, 1980. Her motion was heard and denied on September 3, 1980.

Mother's evidence was, for the most part, uncontradicted. When child support was reduced from $60 to $30 a week in 1973, father did not claim that he was earning less than when the original decree was entered, or that his expenses or debts had increased. Father's sole basis for demanding a deduction in his support payments in June, 1973 was a quid pro quo for consenting to plaintiff's removal of the child to Illinois.

The costs of sustaining the child in 1973 was $6,402, but had risen to $8,315 in 1980. A number of factors combined to result in the higher figure, notably inflation, an increase in the child's activities, and greater requirements for personal care, clothes and medical attention as the child grew older.

In January, 1973, father was earning at an annual rate of between $8,000 and $9,000. His employer did not then provide him with living quarters or an automobile. At the time of the hearing, father's pay was at a rate of $20,000 per year in addition to which he received the full time use of a new automobile and a home to live in rent-free. A fair rental value of the home was $300 per month. The net value of the automobile to defendant was also $300 per month.

Although mother was a school teacher at the time of the divorce, at the time of the hearing she was a housewife with no income of her own. She contributed funds from the sale of the house owned by her and father to the purchase of her present home, with whom she was joint owner with her present husband. Mother was also joint owner of other assets with her present husband.

The record indicates that the trial court thought mother should be bound by the 1973 modification agreement. To the contrary, such an agreement is not dispositive as to whether father's child support payments should be increased. Arrangements with regard to child support are clearly recommendatory to the court and do not alter the court's authority and obligation to establish child support. *Lambert v. Lambert,* 593 S.W.2d 613, 615 (Mo.App. 1980). We therefore review to determine whether the present child support payments of $30 per week are unreasonable.

A minor child is properly deserving of fair support, both mental and corporeal, from each parent. *Flynn v. Flynn,* 604 S.W.2d 785, 786 (Mo.App.1980). The basis for arriving at a conclusion as to the rate of child support is fundamentally the well-being of the child. *Caray v. Caray,* 569 S.W.2d 18, 21 (Mo.App.1978). Evidence of a substantial and continuing alteration of conditions will support a modification of child support is abysmally low and modifi- *Jurgens v. Jurgens,* 616 S.W.2d 567, 568 (Mo.App.1981). Here, the evidence shows the cost of supporting the child had risen greatly over the years and the financial resources of father had swelled. Under the circumstances of this case, $30 per week child support is abysmally low and modification is in order. *Id.* at 569. Since such inquiries lie chiefly with the trial court, *Flynn v. Flynn, supra,* we remand to enable the court to weigh the various factors and arrive at a proper sum.

We acknowledge that the trial court has broad discretion in the decision as to attorney fees, *In re Marriage of Pitluck,* 616 S.W.2d 861, 864 (Mo.App.1981), but we feel

in the case at bar the trial judge may have felt constrained by the 1973 modification agreement in ruling on this issue. On retrial, the trial court shall determine whether or not attorney fees should be granted to mother.

Judgment reversed and cause remanded for further proceedings.

REINHARD, P. J., and SNYDER, J., concur.