Ramona BELLIS, Respondent,

v.

Joseph BELLIS, Appellant.

No. 13171.

Missouri Court of Appeals,
Southern District,
Division Three.

Dec. 28, 1983.

Motion for Rehearing and Transfer
Denied Jan. 17, 1984.

A.M. Spradling, III, Spradling & Spradling, Cape Girardeau, for appellant.

Lloyd G. Briggs, Sr., Briggs & Briggs, Sikeston, for respondent.

CROW, Presiding Judge.

Appellant ("Joe") appeals from (1) an order increasing the child support he must pay his former wife ("Ramona"), and (2) an order requiring him to pay her attorney a fee. We affirm both orders.

The parties' marriage was dissolved in 1982. Ramona was awarded custody of their two minor children. Joe was ordered to pay child support of $150 per month per child. Ramona was awarded possession of the marital home. Joe was ordered to make the monthly payments of $312.62 on a note secured by a deed of trust on the home. Upon the occurrence of any one of several contingencies, not material here, the home was to be sold and the proceeds apportioned pursuant to a formula in the decree.

Joe made no house payments. The lienholder began foreclosure proceedings. Ramona testified the lienholder, at that point, remained willing to "work with me in refinancing the house or whatever to maintain a roof over the heads of the children," if she could get a quitclaim deed from Joe. Ramona explained, however, that the lienholder "would not touch it with a ten-foot pole if Joe's name was on it." This testimony was uncontradicted.

Ramona averted foreclosure by borrowing $1,000 from her mother and stepfather and paying it to Joe, in return for which Joe quitclaimed his interest in the home to Ramona. Ramona thereupon assumed responsibility for the lien payments.

Following these events, the trial court, on Ramona's motion, held a hearing and ordered that the child support be increased to $175 per month per child. After a further hearing, the court raised the child support to $200 per month per child.

Joe promptly moved the trial court to set aside the increase. Ramona thereupon moved for attorney fees, alleging Joe had "again decided to waltz into Court and his motive, in part, is to wear down the resolve of Ramona Bellis, because he knows she cannot pay an attorney."

The trial court denied Joe's motion to set aside the child support increase, and granted Ramona's motion for attorney fees, awarding $300.

Joe says the trial court erred in increasing child support because there was no evidence of a substantial change of circumstances in the needs of the children after entry of the decree of dissolution, and no evidence that the child support awarded in that decree was unreasonable. Joe argues that the improvement in his financial posture that occurred when he escaped the duty of making the house payments was not a sufficient basis to increase child support.

■ Joe likens his situation to that of a parent whose income or wealth increases after a child support award is made. He asserts—and we agree—that an increase in the income of a parent obliged to pay child support is not, by itself, a sufficient reason to increase the award. *Guignon v. Guignon*, 579 S.W.2d 664, 666[1] (Mo.App.1979); *Plattner v. Plattner*, 567 S.W.2d 139, 142[9] (Mo.App.1978). Nor is a substantial increase in his wealth, standing alone. *McGinley v. McGinley*, 513 S.W.2d 471, 473[5] (Mo.App.1974). However, once there is a showing of changed circumstances so substantial and continuing as to make the terms of the existing order unreasonable, § 452.370.1, RSMo 1978, the parent's increased income or enhanced wealth becomes a relevant factor in judging his ability to provide greater support. *Plattner*, 567 S.W.2d at 142[9]; *In re Marriage of Engelhardt*, 552 S.W.2d 356, 358 (Mo.App.1977); *McGinley*, 513 S.W.2d at 473[6].

■ Here, when the child support was initially set at $150 per month per child, housing was provided for the children by awarding possession of the marital home to Ramona, the custodial parent, § 452.330.-1(3), RSMo 1978, as amended by Laws 1981, p. 616, and requiring Joe to make the house payments. Had Joe done so, the childrens' need for housing would have been met independently of the child support.

Circumstances changed dramatically, however, when Joe failed to make the house payments. Ramona was compelled to provide housing for the children from the child support and her own resources. When the trial court increased the child support, the housing that the decree of dissolution had ordered Joe to provide for the children was being paid for by Ramona. Indeed, the house payments alone were exceeding the child support awarded by that decree.

These undisputed facts refute Joe's argument that there were no substantial and continuing changes in circumstances after the marriage was dissolved. The same argument, in a factual setting remarkably similar to the one here, was rejected in *Williams v. Williams,* 542 S.W.2d 563 (Mo. App.1976). There, a child support increase greater than the increase here was upheld.

Because of the changed circumstances here, increasing the child support by $50 per month per child was fully justified. Joe's ability to pay the increased amount was evident from the $312.62 he was saving each month by not making the house payments. The trial court did not err in increasing the child support to $200 per month per child.

In attacking the order requiring him to pay the $300 fee to Ramona's attorney, Joe argues that his motion to set aside the child support increase was not a proceeding for which § 452.355, RSMo 1978, authorizes an award of attorney fees. He cites *Burchett v. Burchett,* 572 S.W.2d 494 (Mo.App.1978). That case, however, is inapposite. There, a mother, by independent attack, sought to vacate a custody modification entered against her by default after service by publication of notice.

Here, Joe made no independent attack on the order increasing child support. His motion to set that order aside was nothing more than an effort to persuade the trial court to vacate the increase by exercising its power under Rule 75.01, Missouri Rules of Civil Procedure (14th ed. 1983). Joe's motion was therefore simply a post-trial step in Ramona's proceeding to increase child support.

A trial court, in the exercise of its discretion, and after considering all relevant factors including the financial resources of both parties, may order a party to pay a reasonable amount to the other party for attorney's fees in maintaining or defending a proceeding to modify a child support order. *Kieffer v. Kieffer,* 590 S.W.2d 915 (Mo. banc 1979). Here, after successfully pursuing her motion to increase the child support, Ramona was obliged to oppose Joe's post-trial motion seeking to set the increase aside. In these circumstances, we reject Joe's argument that the trial court lacked authority to order him to pay a fee to Ramona's attorney.

Joe also contends there was no evidence that he was financially better able than Ramona to bear the burden of her attorney's fee. Joe bases this contention on the fact that at the hearing on Ramona's motion for attorney fees, there was no evidence regarding his ability to pay. He says, without citing authority, that the trial court could not base its ruling on testimony heard earlier on the child support issue.

We disagree. The attorney fee award was made simultaneously with the denial of Joe's motion to set aside the child support increase. As already noted, Joe's motion was a post-trial step in Ramona's proceeding to increase the child support. During the child support hearings, the trial court received evidence on the financial resources of both parties. We see no reason why the trial court could not consider that evidence on the attorney fee issue, otherwise the trial court would have to hear the same evidence twice. We observe that Joe makes no contention that either party's financial situation changed after the hearings on the child support issue.

There was competent and substantial evidence to support the order requiring Joe to pay Ramona's attorney a fee of $300. The trial court did not abuse its discretion in entering that order.

Both orders appealed from are affirmed.

GREENE, C.J., and FLANIGAN, MAUS and PREWITT, JJ., concur.