In re the MARRIAGE OF Willa Jean Smart Murphy BURGE, Petitioner-Respondent,

and

Charles Elmer Smart, Respondent-Appellant.

No. 13563.

Missouri Court of Appeals, Southern District, Division One.

Sept. 20, 1984.

Gary C. Lentz, Neosho, for petitioner-respondent.

Dean S. Johnston, Joplin, for respondent-appellant.

GREENE, Judge.

Charles Elmer Smart appeals the trial court's order denying his motion to modify a dissolution decree, in which motion he sought abatement of his obligation to pay child support for his daughter, Charla.

The marriage of Charles and Willa Jean Smart was dissolved on October 16, 1978. Willa Jean was granted custody of Charla and Jason, the two minor children of the parties. Charles, a farmer who was in the chicken business, was ordered to pay $20 a week per child for their support.

On June 8, 1982, Charla, who was 12 years old, received severe head injuries in an automobile accident that left her in a comatose condition. She was still in a coma on October 25, 1983, which was the date of the hearing on the motion to modify, and was being cared for in the State Hospital at Mt. Vernon, Missouri. Two health insurance policies provided major medical coverage for all of Charla's medical expenses for amounts up to $500,000.

Charla's mother, Willa, lived near Oakland's Corner in the Neosho, Missouri area. Her home is about 65 miles one way from the Mt. Vernon hospital, which makes a 130 mile round trip. Willa visits Charla "[g]enerally once a week." Although she is not sure that Charla is aware that she is visiting with her, Willa feels her visits are supportive. Charles, who also visits with Charla, feels that the trips are "emotional support to my daughter."

■■■ In his sole point relied on, Charles argues that since all of Charla's medical expenses are paid from a collateral source, and since there was no showing at the hearing that Willa had any expenses for the maintenance, support, education, and care of Charla, the trial court committed prejudicial error in denying his motion to abate his child support payments of $20 a week made to Willa on Charla's behalf. Charles does not cite a single case to us in support of his rather astonishing theory that he has no duty to help support his badly injured child, where the evidence is clear that he has the financial ability to do so. Section 452.340(5), RSMo 1978, states several factors the trial court should consider on the question of the award of child support. The factors include the physical and emotional condition of the child. The well-being of the child should be considered in determining the duty to support and the amount of support. *Donnelly v. Donnelly*, 648 S.W.2d 898, 900 (Mo.App.1983). Emotional support of the child contributes to its well-being. A round trip of 120–130 miles a week by automobile by Willa to see Charla costs in excess of the $20 a week presently paid by Charles for Charla's support.

The burden was on Charles to prove the support award in this case is unreasonable. *Jurgens v. Jurgens*, 616 S.W.2d 567, 569 (Mo.App.1981). He failed to do so. We find no abuse of discretion in the trial court's order denying Charles' motion to abate child support.

*The trial court's order is affirmed.*

TITUS, P.J., and FLANIGAN, J., concur.