**Jacqueline Rose BLANK, Plaintiff-Respondent,**

v.

**Charles Wayne BLANK, Defendant-Appellant.**

**No. WD 36464.**

Missouri Court of Appeals, Western District.

Oct. 8, 1985.

Darwin E. Johnson, Kansas City, for defendant-appellant.

Arthur A. Benson, Kansas City, for plaintiff-respondent.

Before DIXON, P.J., and SOMERVILLE and NUGENT, JJ.

NUGENT, Judge.

Charles Blank, defendant, appeals a judgment in favor of Jacqueline Blank, plaintiff, in the amount of $21,056.80 for breach of contract. The parties executed a separation agreement in August of 1977. On September 26, 1977, a magistrate, acting as a circuit judge, erroneously omitted several provisions of the separation agreement from the dissolution decree. Mr. Blank committed a breach of those omitted provisions in October, 1978; whereupon, Ms. Blank filed this action on December 1, 1978. Mr. Blank contends that, since the separation agreement provided that its terms were to be incorporated into the dissolution decree, the agreement was merged into the decree and no longer independently exists so that it cannot form the basis for an action in contract. We disagree and affirm the judgment.

Jacqueline and Charles Blank were married on September 9, 1950, and lived together as husband and wife until mid-May, 1977. Five children were born of that marriage of whom three remained unemancipated in 1977. On July 21, 1977, Ms. Blank filed the petition for dissolution of marriage.

On August 12, 1977, the parties executed their separation agreement which provided, inter alia, that: (1) the three minor children remain in the custody of Ms. Blank; (2) Mr. Blank pay $200.00 per month for the support of each minor child; (3) Mr. Blank pay monthly maintenance of $675.00; (4) Mr. Blank increase such monthly maintenance payments by fifty percent of any increases in his net monthly earnings, to be determined by application of a formula set out in the agreement; (5) as each child reaches the age of majority, emancipates himself or dies, Mr. Blank increase maintenance payments by one-half the amount of child support due for that child; and (6) that all terms of the agreement be set forth in the dissolution decree.

On September 26, 1977, the magistrate entered his dissolution decree which incorporated only the first two of those provisions. Although he found that the separation agreement was not unconscionable, the magistrate mistakenly omitted all of its remaining terms, including provisions (3) through (5).

Mr. Blank fully complied with the terms of the separation agreement until October 1, 1978, when he reduced his monthly maintenance payments to $675.00. Apparently,

in the period between the entry of the decree in September, 1977, and October, 1978, Mr. Blank increased his net monthly earnings and, in accordance with the separation agreement, increased his monthly maintenance payments by fifty percent of those increased earnings. In any event, the parties have now agreed that between October 1, 1978, and June 30, 1983, under the terms of their separation agreement an additional $18,058.48 in maintenance accrued and remains unpaid because of Mr. Blank's reduction in the monthly payments for maintenance. In December, 1978, Ms. Blank filed this action for specific performance of the separation agreement.

On May 13, 1980, while this suit was pending, Ms. Blank filed an application under § 452.325 [1] to amend the dissolution decree nunc pro tunc to include the entire separation agreement. The trial court denied the application stating that the remedy was improper. On September 3, 1980, Ms. Blank filed a motion to correct the irregularity in the judgment under Rules 74.30 and 74.31.[2] The trial court upheld that motion and amended the dissolution decree to include provisions (3) through (5) above. The defendant appealed, and this court reversed the judgment. *See Blank v. Blank,* 621 S.W.2d 954, 960 (Mo.App.1981) (*Blank I*). In that case, we held that, although Rule 74.31 permits a court to correct an error in a sum of money in a decree, it does not authorize such major substantive modifications as were attempted by the trial court. We explained that the trial judge did not merely correct an error in an amount of money, but he also provided for future automatic adjustments in monthly maintenance and a substitution of recipients of support upon the occurrence of certain events.

In light of *Blank I,* the trial court upon remand sustained defendant's motion to dismiss Count II of the petition. The defendant then moved to dismiss Count I for failure to state a cause of action. He argued that the magistrate's failure to incorporate the entire separation agreement into the dissolution decree rendered the omitted provisions a nullity. The trial court rejected this motion and entered judgment in favor of plaintiff for $21,056.80.[3] The defendant now asserts that the trial court erred in overruling his motion to dismiss the action.

■ The question here is whether Ms. Blank may maintain an action for specific performance to enforce the omitted provisions of the separation agreement. The parties agree that the magistrate erred in failing to incorporate the entire separation agreement into the dissolution decree. Section 452.325(2) provides that in a dissolution proceeding the terms of a separation agreement are binding upon the court unless it finds the agreement to be unconscionable. The statute further provides that, unless the separation agreement provides to the contrary, if the court finds that the agreement is not unconscionable as to support, maintenance and property, its terms *shall* be set forth in the dissolution decree and the parties *shall* be ordered to perform them.

The instant separation agreement clearly provided that its terms were to be incorporated into the decree. In *Blank I,* the magistrate specifically found that the agreement was not unconscionable; therefore, by statute he was bound to set forth its terms in the decree. The defendant cites several cases for their holdings that when a court is required to incorporate a separation agreement into its dissolution decree, the agreement merges into the decree so that an action in contract will no longer lie. *In re Haggard,* 585 S.W.2d 480, 482 (Mo.1979) (en banc); *Bryson v. Bryson,* 624 S.W.2d 92, 95–96 (Mo.App.1981); *Block v. Block,* 593 S.W.2d 584, 590 (Mo.App.

---

1. All sectional references are made to Missouri Revised Statutes, 1978.

2. Missouri Supreme Court Rules of Civil Procedure.

3. The parties stipulated the amount due plaintiff under the terms of the separation agreement: $18,058.48 plus statutory interest at 9% of $2,998.32 for a total amount of $21,056.80.

1979).[4] The defendant concludes, therefore, that the separation agreement has become decretal and the omitted provisions have become a nullity so that Ms. Blank may only enforce the decree as written. We disagree.

None of the cases cited deal with the unusual set of circumstances that we have here. In this case, the magistrate was under a duty to incorporate the *entire* separation agreement into the dissolution decree. Had he done so, the separation agreement would have merged into the decree itself so that the plaintiff would have had available to her all the remedies to enforce the decree. But when a court erroneously omits a major portion of the separation agreement from the decree, we cannot justly hold that the entire separation agreement, nevertheless, merges with the decree so as to bar enforcement of the omitted provisions of the agreement. To do so, would leave these parties with no way to enforce their agreement. And to so hold would be particularly offensive where the agreement itself provided for the incorporation into the decree.

■ The defendant also contends that plaintiff's action to enforce the separation agreement should be barred because she did not within thirty days of the 1977 decree file any motion to correct the decree and she failed to seek correction by way of the common law writ of error coram nobis. We cannot agree. Defendant does not claim that plaintiff waived her rights or that she is estopped from asserting them. Assuming that plaintiff had alternative remedies to correct the defective decree, defendant cites us to no case which holds that her further alternative of suing to enforce the contract is barred where the contract could not have merged into the decree or where for any reason she did not choose another remedy. Moreover, defendant is in no position to complain since he actually abided by the agreement for one year, lulling plaintiff into the mistaken belief during that whole period that she would get what he agreed to pay her, giving her no occasion to make inquiry about her rights under the decree. Finally, defendant cannot complain because he is in no worse position now than he would have been in had Ms. Blank obtained a correction of the decree by motion within thirty days.

The purpose of § 452.325 is "to promote the amicable settlement of disputes between parties to a marriage." The statute encourages the parties to enter into written agreements providing for maintenance. The Legislature clearly intended to provide for enforcement of all such agreements that are not unconscionable. To serve that purpose, we hold that when a court erroneously omits from its dissolution decree a portion of a separation agreement dealing with maintenance, that portion of the separation agreement does not merge into the decree and remains enforceable in an action on the contract.[5]

For the foregoing reasons, we affirm the judgment.

All concur.

---

**4.** All the cases cited by the respondent, Ms. Blank, deal with dissolution decrees entered before the effective date of the statute and are, therefore, inapplicable here.

**5.** A contract remedy is especially necessary where, as here, the omission is so egregious that the decree cannot be corrected under Rules 74.30 and 74.31.