**John H. HENDRIX, Appellant,**

v.

**Deloris HENDRIX, Respondent.**

**No. 57832.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 31, 1990.

Julius H. Berg, Clayton, for appellant.

Anne–Marie Clarke, St. Louis, for respondent.

KAROHL, Judge.

Husband appeals from decree of dissolution entered on December 15, 1989. He contests the $500 per month maintenance award, $630 per month child support and the division of marital property which awards all of the family home to wife. We affirm the award of maintenance and division of marital property. We reverse and remand on the issue of child support.

The parties were married on February 28, 1983. Husband filed a petition for dissolution in August 1985. The only child of the marriage was born in January 1986. Wife filed a cross-petition in June 1986.

At the time of trial husband, an insurance representative, had been employed by New York Life continuously since June 1, 1970. In 1988 husband grossed $66,927 and reported $26,171 in employee business expenses on his tax return. In 1988 he earned $3,396.33 per month after deducting business expenses and before income taxes. Wife was employed part-time by a temporary service earning $500 per month. Wife has secretarial skills and is licensed as an insurance agent. Wife testified she applied for full-time employment a number of times but she had not attempted to secure a full-time position as a sales person with an insurance company. Prior to the birth of the child, wife worked full-time as a secretary and later as a sales representative for New York Life. Wife resided in the marital home with the minor child and her twenty-three year old son.

The trial court found:

8. That Petitioner's gross monthly wages [sic] from his employment are approximately Five Thousand Three Hundred Seventy–Seven Dollars ($5,377.00), and that Respondent's gross monthly wages [sic] from her employment are approximately Five Hundred Dollars ($500.00).

9. That Respondent has insufficient income and property to provide for her reasonable needs and in the standard of living established during the marriage.

11. That Petitioner engaged in marital misconduct, in that he had numerous affairs during the course of the marriage, including a liaison which resulted in the birth of a son to Petitioner out-of-wedlock.

The court awarded wife $500 per month maintenance and $630 per month child support. It awarded husband four life insurance policies, his disability insurance and his retirement benefits. The court found that a portion of this property was husband's separate property earned prior to the marriage. However, the court did not calculate or assign a value for the marital portion of this property awarded to husband. As to the remaining marital property, wife received approximately $17,969.15 in cash and $12,000 equity in the marital home. Husband received approximately $22,069.45 in cash.

■ Husband claims the trial court erred in awarding wife $500 per month maintenance for unlimited duration because wife failed to prove that she is unable to support herself through appropriate employment and the award exceeds an amount husband can afford to pay. We review the maintenance set by the trial court under the standards set forth in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

Section 452.335.1 governs findings required for a maintenance order. Wife was required to show she lacks sufficient property to provide for her reasonable needs and is unable to support herself through appropriate employment. Section 452.335.1 RSMo Cum.Supp.1989.

The income from property awarded to wife together with her earnings was not sufficient to support her. At the time of dissolution wife was employed part-time and had primary custody of the parties' minor child. Wife had sought, but was unable to obtain, full-time employment. Wife's gross income of $500 per month does not allow her to provide for her stated needs of $2,524 per month. The trial court did not abuse its discretion in awarding wife maintenance under the provisions of § 452.335.1.

Furthermore, the trial court did not err in granting wife maintenance of an unlimited duration. Section 452.335.2 RSMo Cum. Supp.1989 contains the relevant factors the trial court considers when determining amount and duration of maintenance. Husband's evidence is that his adjusted gross income is $3,396.33 per month and his expenses are $2,386 per month. Comparatively, husband's income is more than six times those of wife. Applying the provisions of § 452.335.2 to these circumstances, we find the evidence supports the amount and duration of maintenance awarded to wife.

■ Husband's second claim of error challenges the $630 per month child support award. Husband contends the award does not properly balance the needs of his four year old child and his ability to pay. We agree. Section 452.340.1 RSMo Cum. Supp.1989 requires the court to consider the financial needs and resources of the child when determining the amount of child support. Wife's original expense statement noted $200 per month expenses for the child. An amended statement noted $250 per month. However, wife testified some of the original expenses are no longer needed. In order to work she claims she needs an additional $100 per month for baby sitting expenses. She requested an award of $630 per month but her expense statement and testimony supported only $350 plus some consideration for housing expenses. Wife also testified husband fathered one and perhaps two other children during this marriage. Also, he supports an eighteen year old daughter by a prior marriage who is a college student in the amount of $350 to $400 per month. His obligation by a prior decree is $200 per month.

In view of wife's evidence of need and the income of both parents, we find husband has carried his burden of demonstrating that the award of $630 per month child support is excessive and an abuse of discretion. *Tucker v. Tucker,* 778 S.W.2d 309, 312 (Mo.App.1989). The error may have occurred because the court found gross income was "wage" income of $5,377 per

month. The court apparently did not consider his business expenses of $2,180 per month.

■ Husband's third claim of error is the trial court erred in dividing the marital property because it awarded all of the marital interest in the family home to wife. Husband contends the award fails to give weight to his contribution of his separate property as the down payment on the home. His argument concedes the equity in the home was all marital property. He does not claim part of the equity was separate property. *See Neal v. Neal*, 776 S.W.2d 861, 866 (Mo.App.1989). Husband sold a house he owned jointly with his first wife. He deposited his share of the proceeds from the sale into a joint checking account with his second wife. Thereafter, he used approximately $6,500 out of the joint checking account for a down payment on the family home which was titled in both husband and wife's names. Husband's claim is without merit.

Part of the proceeds of sale of husband's house with first wife were deposited in a joint bank account with wife, thus commingling his separate funds with marital funds. This no longer automatically transmutes the separate property into marital property. Section 452.330.4 RSMo Cum. Supp.1989. Husband contends the court did not recognize his contribution of premarital separate funds to the family home. The decree awards all the equity in the home. $12,000, to wife.

Section 452.330.1 RSMo Cum.Supp.1989 lists several factors to be considered by the court when dividing marital property. It was necessary for the trial court to consider wife's economic circumstances, wife's custody of minor child, husband's conduct during the marriage which included considerable misconduct, the value of husband's non-marital property as well as each spouse's contribution to the acquisition of marital property. *See* § 452.330.1 RSMo Cum.Supp.1989. Given the facts and the factors set forth in the governing statute the division of marital property, which awards the equity in marital home to wife, is neither inequitable nor disparate. The decree awards husband $18,569.45 in marital property and the unvalued marital portion of his life insurance policies and retirement benefits. It awards wife $29,969.45 in marital property, including $12,000 equity in the home. The awards do not prove the court failed to recognize husband's contribution to the down payment from separate funds, particularly where the award to him exceeds the amount of the contribution. He does not claim any part of the equity as separate property. We find no abuse of discretion in the trial court's division of marital property.

The award of permanent maintenance and division of property provisions of the decree are affirmed. We remand to the trial court for reconsideration of the amount of child support. The court may consider additional evidence in applying the provisions of Rule 88.01 and Civil Procedure Form No. 14.

Affirmed in part. Reversed in part.

PUDLOWSKI, P.J., and GRIMM, J., concur.