Charles D. GRUBB, Personal Representative of the Estate of Mary E. Grubb, Respondent,

v.

Frederick Dale LEHN, Appellant.

No. 60886.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 3, 1992.

Steven P. Kuenzel, James W. McGettigan, Jr., Eckelkamp, Eckelkamp, Wood & Kuenzel, Washington, for appellant.

Reginald P. Bodeux, Nieder, Ahlheim, Bodeux & Dorsey, St. Charles, for respondent.

REINHARD, Judge.

Husband appeals from the award of maintenance, the division of marital property, and the award of attorney's fees in the Decree of Dissolution of Marriage. We modify the decree and affirm as modified.

The parties were married on November 4, 1978, and separated in August of 1990. No children were born of the marriage, although both parties had children from previous marriages. During the marriage the parties lived in a house which wife had owned prior to the marriage. When wife first purchased the home it was essentially a "shell" without plumbing, electrical, flooring or ceilings. Prior to the marriage, wife had employed husband to make improvements to the home and paid husband $100 per day for his labor. Once married, husband continued to maintain, repair and improve the home, but the $100 per day payments ceased.

In 1976, two years before they were married, husband and wife formed Partridge Construction Company (hereafter Partridge). The parties planned to utilize husband's skills as a carpenter in order to build residential homes, and wife's skills as a real estate agent in order to buy and sell property. The record indicates that wife borrowed $25,000 against the equity in the home in order to secure the funds to form Partridge. Later, in 1980, when Partridge was in desperate need of cash in order to remain solvent, wife borrowed another

$25,000, again using the home as collateral. At this point the deed to the home was retitled in the names of husband and wife. The evidence at trial indicated that Partridge had not produced a substantial amount of income during the marriage, and at the time of trial the company had been dissolved.

Wife was 70 years old and husband was 57 years old at the time of trial. Wife was unable to work due to numerous medical problems which included diabetes, glaucoma, impaired eyesight, and arthritis. She was required to take insulin twice a day, could hardly walk and was not able to read due to the condition of her eyes. Husband, on the other hand, was working as a carpenter at the time of trial.

In its dissolution decree, dated August 29, 1991, the trial court found that wife was unable to maintain employment due to her poor health, and her only source of income was the $341 she received monthly from social security. The court also found that husband was capable of earning at least $20,000 per year.

As to the marital home, the court found that "the bulk of the contributions made to the acquisition of the [marital home] were made by [wife] although the [husband] did make substantial contributions."

The court's division of marital property gave wife the marital home, a 1985 Oldsmobile, and various items of personal property. Husband received three unimproved lots which were formerly owned by Partridge, a 1985 Chevrolet truck, and various items of personal property. In addition, husband was ordered to pay wife maintenance of $400 per month, *retroactive* to January 1, 1991, and wife's attorney's fees totalling $1,500.

Subsequent to husband's filing a notice of appeal, wife died and a personal representative was appointed for her estate. Husband then filed a motion to substitute parties pursuant to Rule 52.13(a)(1) and this court granted the motion.

Our review is governed by the principles of *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). We will affirm the trial court's judgment unless it is not supported by substantial evidence, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Id.* at 32. In addition, we view the evidence in the light most favorable to the decree and disregard contrary evidence. "We defer to the trial court even if the evidence could support a different conclusion." *Langdon v. Langdon,* 792 S.W.2d 645, 646 (Mo.App. 1990).

Husband's principal point on appeal is, "The trial court abused its discretion in the division of the marital property by awarding respondent all of the equity in the marital home, in that the trial court *failed to take into consideration the substantial labor and financial contributions of appellant during the marriage.*" (Emphasis ours).

Husband states the evidence revealed that the net equity in the marital home was between $70,000 and $90,000, and that the lots he received had a net equity of between $8,000 and $9,000. He admits that wife and her previous husband had invested approximately $25,000 in the home prior to this marriage. He says that the improvements which he and Partridge made on the home had a value of $35,000.

Wife testified that a tenancy in the entirety was created in the home in order to obtain a loan. The court in its decree considered the home to be marital property, however, the entire home subject to existing encumbrances was set off to wife.

Husband's claim that the court failed to consider his contribution is refuted by the court's decree, which stated, "the bulk of the contributions made to the acquisition of the [marital home] were made by [wife] although the [husband] did make substantial contributions." Accordingly, wife was awarded the marital home along with various personal property, and husband was awarded three unimproved lots along with various personal property. The value of the marital property which wife received was much greater than that of husband; however, numerous factors support the court's order. Among the most significant of these factors are wife's medical condition and inability to seek employment which represent economic circumstances

supporting a greater amount of marital property awarded to wife. *See*, § 452.330, RSMo 1986. In addition, it appears from the record that wife's contribution, both monetarily and physically, was much greater than that of husband. Division of property need not be equal, but rather just. *Pratt v. Pratt*, 813 S.W.2d 389, 390 (Mo. App.1991).

■ Husband next challenges the trial court's order to pay wife's attorney's fees in the amount of $1,500. The award of attorney's fees is within the sound discretion of the trial court and will not be overturned absent a manifest abuse of discretion. *May v. May*, 801 S.W.2d 728, 734 (Mo.App.1990). After reviewing the record, this court cannot say that the trial court abused its discretion in awarding attorney's fees to wife.

■ Husband also challenges the trial court's award of maintenance.[1] The record fully supports the amount of maintenance awarded, however, husband raises one point relative to the maintenance award which requires us to modify the decree. Husband contends that the trial court erred in awarding retroactive maintenance. Husband's argument is correct, as counsel for wife's estate conceded in oral argument. Section 452.335, RSMo 1986, which authorizes maintenance awards, speaks only prospectively. *C.M.D. v. J.R.D.*, 710 S.W.2d 474, 478–479 (Mo.App.1986); *Kessler v. Kessler*, 719 S.W.2d 138, 140 (Mo.App. 1986). Therefore, the decree must be modified to exclude the award of retroactive maintenance by deletion of the phrase "retroactive to January 1, 1991".

As modified, the decree is affirmed.

AHRENS, P.J., and CRIST, J., concur.

---

**1.** Husband's obligation to pay maintenance terminated at wife's death. Section 452.370.3, RSMo 1986. However, husband is still responsible for maintenance from the date the dissolution decree was entered to the date of wife's death.