**Joan Thiele PERKINSON, Respondent,**

v.

**John Dale PERKINSON, Appellant.**

No. 64527.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 30, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 20, 1994.

Application to Transfer Denied
Feb. 22, 1994.

Allan H. Zerman, Cary J. Mogerman, Clayton, for appellant.

Douglas R. Beach, Deborah C.M. Henry, St. Louis, for respondent.

CRIST, Judge.

John Perkinson (Husband) appeals the denial of his motion to quash garnishment in connection with his failure to pay maintenance as directed by a separation agreement. We reverse.

The St. Louis County Circuit Court dissolved the marriage of Husband and Joan Perkinson (Wife) by decree on July 28, 1981. In that decree, the court found the separation agreement of Husband and Wife was not unconscionable. However, the decree does not set forth the terms of the separation

agreement, including those terms related to maintenance. It merely states maintenance was to be per the separation agreement.

The separation agreement provides Husband is to pay Wife $75,000 per year for maintenance, in equal monthly installments of $6,250. The actual language of the agreement is as follows:

[Husband] shall pay to [Wife] the sum of $75,000.00 per year as and for maintenance payable in equal monthly installments of $6,250.00, the first such payment to be due on the 1st day of the month following the entry of the decree of dissolution of the marriage of the parties and each succeeding payment to be due on the 1st day of each month thereafter; said payments shall be made for her lifetime and in no event for a period of not less that (sic) 121 months and shall terminate thereafter upon the following conditions: the death of [Wife], the death of [Husband], remarriage of [Wife], or co-habitation of [Wife] with an adult male other than a member of [Wife's] immediate family; said payments shall be by contract between the parties and not subject to modification by the court.

On June 8, 1992, Wife filed a request to issue a garnishment against Husband for any and all accounts in his name at Mercantile Bank & Trust. Wife alleged Husband was in default of his maintenance obligation to her in the amount of $12,500. Husband subsequently filed a motion to quash execution of the garnishment asserting Wife had no judgment against him. On September 24, 1992, the trial court denied Husband's motion to quash the garnishment. It found Husband and Wife's failure to expressly state in the separation agreement that maintenance was not to be incorporated into the decree, resulted in the maintenance terms being automatically incorporated into the decree and enforceable under § 452.325.5, RSMo 1986.

A prior appeal of this case was dismissed on July 6, 1993, because an order overruling a motion to quash a garnishment is not a final, appealable judgment unless the property garnished is deposited with the court. *Perkinson v. Perkinson*, 856 S.W.2d 678, 679 (Mo.App.1993). Since that dismissal, the property to be garnished has been deposited with the court.

■ Husband argues the trial court erred in denying his motion to quash garnishment because maintenance to be paid Wife is contractual only and not a part of the divorce decree. As a result, Husband contends Wife has no judgment which will support a garnishment and may enforce the payment of maintenance only by an action on contract.

Section 452.325, RSMo 1986, provides for three kinds of maintenance: (1) decretal maintenance ordered by the court; (2) private contractual maintenance, agreed to by the parties but not incorporated into the decree; and (3) separation agreement decretal maintenance, agreed to by the parties and incorporated into the decree. *See also, Beeler v. Beeler*, 820 S.W.2d 657, 660[1] (Mo.App. 1991). A primary difference between private contractual maintenance and separation agreement decretal maintenance is the remedies available for enforcing each. Contractual maintenance is enforceable only by an action on contract, while separation agreement decretal maintenance is enforceable with all remedies available for enforcement of a judgment. *See*, § 452.325.5; *Bryson v. Bryson*, 624 S.W.2d 92, 95[1] (Mo.App.1981); *Humphrey v. Humphrey*, 597 S.W.2d 673, 677[3] (Mo.App.1980).

■ Section 452.325.4 states if the trial court finds the separation agreement to be conscionable:

(1) Unless the separation agreement provides to the contrary, its terms shall be set forth in the decree of dissolution or legal separation and the parties shall be ordered to perform them; or

(2) If the separation agreement provides that its terms shall not be set forth in the decree, only those terms concerning child support, custody and visitation shall be set forth in the decree, and the decree shall state that the court has found the remaining terms not unconscionable.

This language has been interpreted to mean if the separation agreement fails to *expressly* provide that its terms will not be incorporated into the decree, then the separation agreement will be set forth into the decree.

*Berman v. Berman,* 701 S.W.2d 781, 785[1] (Mo.App.1985). Furthermore, in determining whether maintenance is contractual or decretal, "we no longer need to interpret the intent of the parties, rather, the express intent of the parties governs. If the parties desire to create contractual maintenance, they must *expressly* agree that the maintenance terms are not to be incorporated in the court's decree." *Brucker v. Brucker,* 611 S.W.2d 293, 295[1] (Mo.App.1980); *See also, Berman,* 701 S.W.2d at 785[2].

■ We find the parties have not expressly stated in their separation agreement they did not want the maintenance terms incorporated in the court's decree. Husband asserts their statements regarding maintenance to be "by contract" and the withdrawal of the separation agreement in the divorce decree show their intention for maintenance to remain merely contractual. However, as stated above, we no longer examine the intent of the parties. Rather, express exclusionary language is required. Merely stating maintenance is to be "by contract" is not sufficient. *See, Beeler,* 820 S.W.2d at 659–660[1] (specific language in agreement "maintenance award shall be deemed contractual" was not express exclusionary language). The separation agreement does not include express exclusionary language. Therefore, the trial court should have set forth the terms of the separation agreement in the decree, thereby establishing maintenance as decretal. § 452.325.4(1).

However, the trial court did not include the terms of the separation agreement in the decree as required by § 452.325.4(1). Husband asserts this failure results in the maintenance remaining only contractual. Husband relies on *Blank v. Blank,* 698 S.W.2d 623 (Mo.App.1985), where the wife sued the husband for breach of contract for failure to pay maintenance as required by the separation agreement. The agreement did not contain an express provision excluding it from the decree and clearly provided the separation agreement would be incorporated into the decree. *Id.* at 625. However, the trial court erroneously omitted several provisions of the agreement, including maintenance, from the decree. *Id.* at 624. The Western

District held that "when a court erroneously omits from its dissolution decree a portion of a separation agreement dealing with maintenance, that portion of the separation agreement does not merge into the decree and remains enforceable in an action on the contract." *Id.* at 626[2].

Section 452.325.5 states:

Terms of the agreement *set forth in the decree* are enforceable by all remedies available for the enforcement of a judgment, and the court may punish any party who willfully violates its decree to the same extent as is provided by law for contempt of the court in any other suit or proceeding cognizable by the court.

§ 452.325.5 (emphasis added). Under the plain and ordinary terms of § 452.325.5, the trial court's failure to include the terms of the separation agreement in the decree prevents Wife from pursuing any remedies for its enforcement, including a garnishment.

In addition, cases cited by Wife where the lack of express exclusionary language created separation agreement decretal maintenance were cases in which the terms of the separation agreement were incorporated into the decree. *See, e.g., Beeler,* 820 S.W.2d at 660; *Berman,* 701 S.W.2d at 783; *Davis v. Davis,* 687 S.W.2d 699, 700 (Mo.App.1985); *Bryson,* 624 S.W.2d at 93.

Accordingly, we reverse the judgment and quash Wife's garnishment.

CRANDALL, P.J., and REINHARD, J., concur.