Jill Lanel WELKER, Petitioner–
Respondent,

v.

Samuel Lynn WELKER, Respondent–
Appellant.

No. 67188.

Missouri Court of Appeals,
Eastern District,
Southern Division.

July 18, 1995.

John L. Oliver, Jr., Cape Girardeau, for appellant.

John P. Heisserer, Cape Girardeau, for respondent.

DOWD, Judge.

Husband appeals from the trial court's order granting Wife's cross-motion to modify. We affirm.

The parties' marriage was dissolved on September 4, 1991. They have two minor children from the marriage. The divorce decree, which granted joint physical custody of the minor children, stated that each party will have the children every other week. The decree did not stipulate a fixed child support amount, but provided that Husband is responsible for all the children's needs, including education, clothing, health care, recreational needs, etc. The decree additionally stipulated that Husband pay Wife, a full-time student who is not otherwise employed, $300 per month in spousal maintenance until she graduates from college, not to exceed six years. Husband is a fireman with the City of Cape Girardeau. In addition to this full-time position, Husband works for Cape Girardeau Chimney Sweep and is in the reserves of the National Guard.

On December 11, 1992, Husband filed a motion to modify the decree in which he sought primary custody of the children and termination of child support expenses to Wife. Wife responded with a cross-motion to modify the decree with respect to child support and custody. Wife requested attorney's fees as well. At the evidentiary hearing on the motions, the parties submitted to the trial court a stipulation which resolved their differences with respect to health insurance,

return of certain personal property items, post-secondary educational expenses, as well as joint custody. Issues of child support and attorney's fees, which were not settled by the parties, were decided by the trial court. The trial court ordered Husband to pay $635 per month in child support and $700 for Wife's attorney's fees. Husband appealed. He asserts three points on appeal.

■ In his first point on appeal, Husband argues there is no evidence to support the trial court's finding of a substantial and continuing change in the parties' financial circumstances which, therefore, renders the child support award improper. *Vance v. Vance,* 852 S.W.2d 191, 193 (Mo.App.1993); *In re Marriage of Deane,* 798 S.W.2d 732, 735 (Mo.App.1990). Our review of the modification order is guided by the oft-cited principles of *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). We review to determine whether the order is supported by substantial evidence, whether it is against the weight of the evidence, or whether it erroneously declares or applies the law. *Id.* at 32; *In re Marriage of Cohen,* 884 S.W.2d 35, 37 (Mo. App.1994).

■ Modification of a divorce decree is appropriate "only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." § 452.370.1, RSMo; *Etling v. Etling,* 747 S.W.2d 285, 286 (Mo.App.1988). Changed circumstances to support a modification order must be supported and proven by detailed evidence. *Jurgens v. Jurgens,* 616 S.W.2d 567, 568 (Mo.App.1981). Determining the weight and value given to the testimony of any witness is squarely within the trial court's province. *Nance v. Nance,* 880 S.W.2d 341, 343 (Mo.App.1994). We, therefore, accept the evidence and inferences favorable to the prevailing party and disregard all contrary evidence. *Id.*

■ Husband's first point on appeal is mistakenly premised on the assertion that only changes in the parties' financial circumstances or an increase in the children's needs may evidence a showing of substantial and continuing change. *See In re Marriage of Babcock,* 771 S.W.2d 98, 99–100 (Mo.App. 1989); *see also Farris v. Farris,* 733 S.W.2d 819, 821 (Mo.App.1987). While these circumstances are common examples of substantial and continuing change which warrant modification, they do not define the exclusive list. Courts have recognized other circumstances that may evidence substantial and continuing change which warrant modification of an original decree. *See Bellis v. Bellis,* 664 S.W.2d 12, 13–14 (Mo.App.1983) (holding that father's conduct of failing to make required house payments constituted a substantial change in circumstances and supported child support increase); *In re Marriage of Cook,* 636 S.W.2d 419, 421 (Mo.App.1982) (stating that inflationary trends and needs of children warrant modification when these conditions render original decree unreasonable); *Mitchell v. Mitchell,* 610 S.W.2d 390, 391 (Mo.App. 1980) (indicating that evidence of fraud could justify modification of decree due to substantial and continuing change).

■ To support her claim of substantial and continuing change, Wife testified that since the divorce, she has had actual custody of the children 90% of the time, rather than 50% of the time, as provided for by the decree. Due to Husband's work-schedule, he was often unable to be with the children during his visitation periods. At those times, Wife would care for the children. Husband did not dispute this fact, but argued that he paid Wife for her time spent "baby-sitting."

Wife additionally testified that for the past nine months, Husband had stopped paying the children's food and clothing bills. Wife testified specifically about an unpaid clothing bill of $600. Husband claimed that he was never given a copy of the outstanding bill. As a full-time student, Wife's only source of income is her monthly spousal maintenance of $300. Once Husband stopped paying for the children's food and clothing needs, presumably Wife was left to rely upon the $300 in spousal maintenance to care for herself and the children. Wife's testimony indicates

that Husband's inability to exercise his full visitation rights, coupled with his failure to pay his child support expense obligations, constitutes sufficient evidence of a substantial and continuing change. *See Bellis,* 664 S.W.2d at 14. Applying the appropriate standard of review, we find there is sufficient evidence to support the trial court's finding of a substantial and continuing change of circumstances. Point denied.

■ In his second point, which is supported by three sub-points, Husband contends the trial court abused its discretion in calculating the amount of child support and awarding an excessive amount. The first sub-point contends the evidence demonstrates that the amount of child support exceeds the children's needs. Husband argues the trial court's failure to cite factors to support the difference in the children's needs and in the awarded support is an abuse of discretion. *Harding v. Harding,* 826 S.W.2d 404, 407 (Mo.App.1992); *Ramsdell v. Ramsdell,* 758 S.W.2d 202, 204 (Mo.App.1988).

Husband's first sub-point is fatally flawed in two respects. First, the record is bare as to evidence indicating that $635 per month exceeds the children's needs. Once Wife establishes substantial and continuing change, which renders the original decree unreasonable, she is entitled to a new child support arrangement which is determined by Civil Procedure Form 14. § 452.370.2, RSMo; Rule 88.01. Form 14 contains a rebuttable presumption that the child support calculated is the proper amount to be awarded by the trial court. Rule 88.01(e). In the instant case, Husband and Wife both submitted a Form 14 to the court. Wife's Form 14 indicated a child support amount of $735 per month and Husband's calculation was $635 of child support per month. There was no evidence rebutting the presumptive child support amount of $635 per month; therefore, the trial court was justified in entering the presumptive amount of child support indicated on Husband's Form 14. Furthermore, this court in *Cohen,* expressly rejected the rule in *Harding* which states that the trial

court's failure to cite factors to justify the difference in the children's actual needs and the awarded child support is an abuse of discretion. *Cohen,* 884 S.W.2d at 39.

■ In his second sub-point, Husband argues since he was granted joint physical custody of the children, he should not have to pay $635 per month to Wife. He contends the trial court's refusal to grant him a credit is an abuse of discretion. *See* Form No. 14, Directions for Use, Comment (D); *Norwood v. Norwood,* 813 S.W.2d 29, 31 (Mo.App. 1991). The instructions following Form 14 state that the trial court may adjust the presumed child support amount if the children spend substantial time with both parents. Form No. 14, Directions for Use, Comment (D). This instruction clearly places the decision to adjust the award within the trial court's discretion. Based on Wife's testimony that she has had actual physical custody of the children 90% of the time, we find the trial court did not abuse its discretion in not modifying Husband's Form 14 child support calculation. *See Crabtree v. Crabtree,* 802 S.W.2d 567, 569–70 (Mo.App. 1991). With Husband's overburdened work-schedule, it would be reasonable for the trial court to believe Husband's inability to exercise his full visitation rights would continue in the foreseeable future. Our determination, however, does not prevent Husband from requesting modification of this award in the future, if changes occur.

■ In his final sub-point of Point II, Husband argues the trial court abused its discretion in entering an award which is in excess of his ability to pay. *Weaks v. Weaks,* 821 S.W.2d 503, 507 (Mo. banc 1991); *Hendrix v. Hendrix,* 801 S.W.2d 501, 503 (Mo.App.1990). The trial court balances the children's needs with the parent's ability to pay when determining a proper child support amount. *Weaks,* 821 S.W.2d at 507. In determining whether an award exceeds an individual's ability to pay, this court has looked to whether the individual can meet remaining needs and obligations after making the monthly support payment. *Sturgeon v. Sturgeon,* 849

S.W.2d 171, 176 (Mo.App.1993). In the instant case, Husband is able to meet all other financial responsibilities after paying his child support obligation. As such, we do not find that the trial court's award is beyond Husband's ability to pay. Furthermore, we note that Husband's total support obligations, child support and maintenance,[1] represent one-third of his income. This award is not inconsistent with other awards which have been affirmed. *See Id.* at 175 (opining that even if support award was 45% of husband's net income, it would have been affirmed; *see also Cash v. Cash,* 812 S.W.2d 265, 266 (Mo.App.1991) (upholding child support award which is one-fourth of husband's gross income). Point denied.

In his last point on appeal, Husband maintains the trial court erred in awarding attorney's fees to Wife. Section 452.355, RSMo, allows trial courts to award attorney's fees in modification cases. Such awards are solely within the trial court's discretion. *Grubb v. Lehn,* 841 S.W.2d 768, 770 (Mo.App.1992). We will not overturn an award absent a showing of manifest abuse of discretion. *Id.* Husband, the sole provider for Wife and the children, is the only party financially able to absorb attorney's fees. *See May v. May,* 801 S.W.2d 728, 734 (Mo. App.1990). Moreover, we note that the award represents only one-half of Wife's total fees. As such, we find the award is not an abuse of the trial court's discretion. Point denied.

Accordingly, we affirm.

KAROHL, P.J., and AHRENS, J., concur.

---

1. Wife testified that she was scheduled to graduate in May of 1995. We note that her graduation terminates Husband's maintenance obligation.