**Leigh Ann JERMAN, Respondent,**

v.

**Charles Joseph JERMAN, Appellant.**

**No. 25726.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 3, 2004.

Cary Nathan, Reynolds, Gold & Grosser, P.C., Springfield, for appellant.

David V. Collignon, Ozark, for respondent.

JOHN E. PARRISH, Judge.

Charles Joseph Jerman (father) appeals the custody award in a dissolution of marriage judgment. Husband contends the trial court erred in awarding "primary residential custody" of the parties' son, Cameron, to Leigh Ann Jerman (mother). This court affirms.

Mother sought dissolution of her marriage to father. She sought sole physical custody of Cameron and requested that father be allowed "reasonable liberal visitation." Father filed a counter-petition for dissolution of marriage. He requested "actual physical custody of the minor child ... subject to the rights of parental contact on the part of [mother]" in the manner set forth in a proposed parenting plan submitted with his answer and counter-petition.[1]

The trial court dissolved the marriage, divided marital property and marital debts, and set over non-marital property to the respective parties. Mother was awarded sole legal custody of Cameron. The parties were awarded joint physical custody. The trial court ordered "[t]he primary residential placement of Cameron" to be with mother. It specified father's "reasonable residential time" with particularity. Father was allowed to have physical custody of Cameron two weekends per month, Wednesday evenings from 5:00 p.m. to 8:00 p.m., six weeks each summer, and specified holiday periods.

Father asserts one point on appeal. He contends the trial court erred "in concluding that it was in the best interests of the minor child to award primary residential custody to respondent"; that the award was against the weight of the evidence.

Mother asserts father's brief does not comply with requirements of Rule 84.04(c); that "it fails to concisely and coherently set forth facts relevant to the questions presented for determination without argument." This court agrees.[2] Mother does not, however, request that father's appeal be dismissed for faulty briefing nor does this court desire to dismiss the appeal on that basis in that the shortcoming does not impede disposition of the case on its merits. *See Twelve Oaks Motor Inn, Inc. v. Strahan,* 110 S.W.3d 404, 407 n. 3 (Mo.App.2003); *Daniel v. Indiana Mills & Mfg., Inc.,* 103 S.W.3d 302, 312 (Mo.App.2003); *Keeney v. Missouri Highway and Transp. Com'n,* 70 S.W.3d 597, 598 n. 1 (Mo.App.2002).

This case is reviewable under Rule 84.13(d).

> Appellate review is not undertaken with unfettered discretion. "The [appellate] court shall give due regard to the opportunity of the trial court to have judged the credibility of witnesses." Rule 84.13(d)(2).

> We defer to the trial court's superior ability to view the witnesses and determine credibility; the court is free to believe or disbelieve all, part or none of the testimony given by any of the witnesses. *Price v. Price,* 921 S.W.2d 668, 671 (Mo.App.1996). Consequently, we accept the evidence and inferences favorable to the trial court's ruling and disregard contrary evidence. *Welker v. Welker,* 902 S.W.2d 865, 867 (Mo.App.1995).

*Klockow v. Klockow,* 979 S.W.2d 482, 487 (Mo.App.1998). "The weighing of the evidence is a matter for the trial judge who hears the witnesses and is in a position to judge their credibility." *State v. Bohlen,* 545 S.W.2d 673 (Mo. App.1976).

*Wright v. Rankin,* 109 S.W.3d 696, 698–99 (Mo.App.2003).

---

1. Missouri recognizes joint legal custody, sole legal custody, joint physical custody, or sole physical custody. *See* § 452.375.1, RSMo 2000. The terms "actual physical custody" or "primary residential custody" do not appear in that statute.

2. *See Vodicka v. Upjohn Co.,* 869 S.W.2d 258, 260–64 (Mo.App.1994), for a comprehensive discussion of requirements of Rule 84.04(c).

The trial court entered findings on the factors specified for determining custody by § 452.375.2, RSMo 2000. It concluded the custody award made was in the best interests of the child. Its judgment is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. Further opinion would have no precedential value. Father's point on appeal is denied. The judgment is affirmed in compliance with Rule 84.16(b).

SHRUM and BATES, JJ., concur.